## No. 2615.

### CALVIN McCULLOUGH v. THE STATE.

ASSAULT TO MURDER—CHARGE OF THE COURT.—To constitute an assault with intent to murder, it must appear, 1, that an assault, coupled with an ability to commit a battery, was committed; and, 2, that at the time there existed in the mind of the offender a specific intent to kill. See the opinion for a state of case demanding of the trial court a charge in harmony with the rule stated, and note the statement of the case for evidence, which, however sufficient to establish an assault with intent to alarm, is insufficient to support a conviction for assault with intent to murder.

APPEAL from the District Court of Tarrant. Tried below before the Hon. R. E. Beckham.

The conviction in this case was for an assault with intent to murder one Lewis Taylor, and the penalty imposed was a term of two years in the penitentiary.

In substance, the State proved that the defendant and Lewis Taylor were fellow workmen in the employ of one Binyon, the proprietor of a line of freight floats in the city of Fort Worth. They kept their teams at the stable of the said Binyon. The two men, after feeding their respective teams on the morning of the alleged offense, left the stable at about the same time to go to their homes for breakfast. A dispute about a dollar and a half had occurred between them on the previous night. When, on the morning in question, they separated at the stable, and started to their respective homes, Taylor, speaking to the defendant, demanded the payment of the dollar and a half. Defendant replied that he did not then have the money. Taylor

replied: "You d—d black son of a bitch, you have got to pay me," and seized a stone, which he threw at defendant striking him. Defendant then threw a stone at Taylor. Taylor threw a second stone at defendant, and, as defendant was in the act of throwing another stone at Taylor, Taylor called to him that if he threw it, he, Taylor, would get a gun and kill him. Thereupon defendant turned and went off in a direction different from that on which he first started. An hour or two later he came back to the stable, armed with a shot gun. He stopped at a point about seventy-five feet from the stable, and called three times to Taylor, asking if he was ready. At the last call Taylor walked leisurely from a shed to the stable, which he entered at the back door. While Taylor was passing from the shed to the stable, he was in easy range of the defendant. After Taylor passed through the door and into the stable, defendant fired, the small bird shot, with which the gun was charged, striking the door about the hinges. It was utterly impossible for the defendant, from where he then stood, to have so fired his gun as to strike Taylor at that time. The witness who saw the shooting testified that, at the time and ever since, it was his opinion that the defendant's purpose in firing the gun was to frighten and not to wound, injure or kill Taylor.

No brief for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

Willson, Judge. To constitute an assault with intent to murder, two things must concur, viz.: 1, an *assault*, and 2, a *specific intent to kill*. (Prewitt v. The State, 20 Texas Ct. App., 129; Davis v. The State, 15 Texas Ct. App., 475; White v. The State, 13 Texas Ct. App., 259; Harrell v. The State, Id., 374; Gillespie v. The State, Id., 415; Courtney v. The State, Id., 502.)

In this case the evidence sufficiently shows that the defendant committed an aggravated assault by the use of a dangerous weapon in an angry and threatening manner, with intent to *alarm* another, and under circumstances calculated to effect that object. (Penal Code, article 489, subdiv. 3.) But the evidence further shows that, at the time such assault was committed, the ability to commit a battery did not exist, because the person at whom the assault was directed was in a position which rendered it impossible for the defendant to inflict a battery upon him with

the gun. There was, therefore, no *assault* committed, except that character of assault named in subdivision 3 of article 489, above cited, which is an assault with *intent to alarm,* and not an assault with *intent to murder,* and is not applicable to the last named offense. To constitute an assault with intent to murder, the assault must be coupled with an ability to commit a battery upon the person assaulted—such an ability as is specified in subdivisions 1 and 2 of said article 489; and the court should have so instructed the jury.

Because the court failed to thus instruct the jury, and because the evidence does not support the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*