## TILDA MOORE V. THE STATE.

### *No. 372.    Decided May 9.*

1. **Manslaughter—Insulting Language Towards a Female Relative Does Not Apply, When—Statutory Construction.**—The fourth subdivision of article 597, which makes "insulting words or conduct of the person killed towards a female relative of the party guilty of a homicide" such adequate cause as reduces the crime to manslaughter, does not apply where the insulting words or conduct are used directly towards the defendant, even though the defendant be a female, she not being a relative to herself in contemplation of the statute.

2. **Assault with Intent to Murder—Aggravated Assault—Charge.**—On a trial for assault with intent to murder, where there was a conflict in the evidence as to whether the defendant intended to kill or only intended to alarm the assaulted party by firing off the gun, *Held,* that the charge of the court should have submitted the law of aggravated assault under the latter clause of subdivision 3, article 489, Penal Code.    Following McCullough v. The State, 24 Texas Crim. App., 128.

APPEAL from the District Court of Caldwell.    Tried below before Hon. H. TEICHMULLER.

This appeal is from a conviction for assault with intent to murder, the punishment assessed being two years in the penitentiary.

The assaulted party, Dubie Harris, was the wife of Louis Harris, and was jealous of Louis' attentions to the defendant, Tilda Moore. On Saturday night, May 14, 1892, Louis was away from home, and Dubie went over to near the house of Tilda Moore, where she discovered Louis making merry and fiddling and dancing with Tilda Moore and others.   She called to Louis to come out and go home several times. Finally Tilda got a gun, and went out on the gallery and fired it in the direction of where Dubie was.   Dubie said the ball whizzed right by her head; and several witnesses testified, that Tilda told them afterwards that she shot to kill.   Tilda, as a witness in her own behalf, testified, "I only fired the gun in the air to frighten her and make her leave."

No further statement necessary.

No briefs have come to the Reporter with the record.

*M. R. Stringfellow,* for appellant.

*R. L. Henry,* Assistant Atorney-General, for the State.

HURT, PRESIDING JUDGE.—Appeal from Caldwell County.   Appellant was convicted of assault with intent to murder Dubie Harris.

Two questions are presented for our solution.   Appellant states (she being a witness): "Dubie Harris had been cursing and abusing me before I went out of the house.   When I got on the gallery, she told

me if I would come out there she would kill me. She then called me a whore and a bitch, and everything else she could think of. I told her to leave my house, but she would not go. I then raised the gun and fired it in the air." Whether the appellant fired the gun in the air or at Dubie was an issue in the case. Several witnesses state, that she had told them that she shot to kill Dubie. The weight of the testimony tends to support this fact. Assuming, therefore, that appellant shot at Dubie with intent to kill her, was manslaughter in the case? Counsel for appellant requested a charge upon this grade of homicide, relying upon this abusive language, and the fourth subdivision of article 597, Penal Code, for its support. Said article reads: "Insulting words or conduct of the person killed towards a female relative of the party guilty of the homicide," etc. It is contended that such language and conduct are by said article made an adequate cause—a cause sufficient in law—to produce such passion as will reduce to manslaughter if the act of shooting was directly caused by the passion. If the party guilty of the homicide kills a person who has used insulting words or conduct towards a female relative, he would, under the circumstances named in the statute, be guilty of manslaughter. Now, it is evident from the statue, that if the party guilty of the homicide be a female, she would be guilty of manslaughter. The article makes no distinction between males and females in this respect. To illustrate: "Mary Jones kills William Smith because Smith stated to Mary that Sally Jones, her daughter, was a whore. If Mary acted under a passion produced by this insult, she would be guilty of no greater degree of homicide than manslaughter. But suppose Smith should state to Mary Jones that she was a whore; would Mary be guilty of a greater degree of homicide than manslaughter if she should kill Smith because of the passion produced by the insult? This is the question to be solved. To condense: Smith says to Mary Jones, "Your daughter is a whore." Mary kills Smith. The homicide is or may be manslaughter. Smith says to Mary, "You are a whore." Mary kills him. Then the homicide can not be less than murder. If this last proposition be correct, and is the law, then to say to a mother that her daughter is a whore is a greater provocation than to say to her that she is a whore. While the case at bar comes within the reason of the statute, it is not within its meaning. Appellant is not a relative of herself. We have no authority to interpret the statute so as to embrace persons or characters not named therein. Insulting words or gestures are not adequate cause unless they are made towards a female relative of the party guilty of the homicide or assault, or assault with intent to murder.

There being a conflict in the evidence as to whether appellant shot at Dubie Harris with intent to kill her, or for the purpose of alarming her, it was the duty of the court to submit to the jury proper instructions under Penal Code, article 489, subdivision 3. The condition of

the evidence bearing upon this issue was such as demanded such instructions. Counsel for appellant requested instructions upon aggravated assault, not under this article, but generally as resulting from a hypothetical case of manslaughter. Under the circumstances of this case, we think this sufficient to call the attention of the court to the necessity for charging upon aggravated assault, and instructions pertaining to article 489 should have been given to the jury. McCullough v. The State, 24 Texas Crim. App., 129; Moore v. The State, ante, p. 306.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.