### DOCK PEARCE v. THE STATE.

*No. 1263. Decided May 19th, 1897.*

1. **Assault—Use of Dangerous Weapon with Intent to Alarm.**

It is provided in the latter clause of Subdiv. 3, Art. 592, Penal Code, that, "the use of any dangerous weapon, or the semblance thereof, in an angry or threatening manner, with intent to alarm another, and under circumstances calculated to effect that object, comes within the meaning of an assault." Held: The assault committed in such manner, by a gun which cannot be fired, comes only within the definition of a simple assault and does not constitute an aggravated assault with a deadly weapon under provisions of Art. 601, Penal Code. Overruling, upon this point, McCullough v. State, 24 Tex. Crim. App., 128, and Blackwell v. State, 33 Tex. Crim. Rep., 278.

2. **Charge—Aggravated and Simple Assault—General Verdict and Judgment.**

On a trial upon an information charging an aggravated assault with a deadly weapon, where it appeared that the assault was with a Winchester rifle which was out of fix and not capable of being fired; and the court, in the charge, submitted the issues of both aggravated and simple assault; and there was a general verdict and judgment imposing a penalty applicable to either aggravated or simple assault. Held: Defendant has no cause to complain, the evidence being sufficient to establish a simple assault.

APPEAL from the County Court of Brown. Tried below before Hon. E. C. HARRELL, County Judge.

Appeal from a conviction for assault; penalty, a fine of $25.

The opinion states the case.

[No brief for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted under an indictment charging him with an aggravated assault, and his punishment assessed at a fine of $25, and he prosecutes this appeal. The indictment charges that appellant made an aggravated assault upon one Pete Wells, with a

gun, tne same then and there being a deadly weapon. The proof on the part of the State showed that the defendant overtook the prosecutor, Pete Wells, in the road, and demanded of him to sign what he termed a "libel," which was a denial on his part that he had made certain statements which the defendant charged he had made against him. The prosecutor, Wells, declined to do this, and appellant then stepped back, and drew a Winchester gun out of the scabbard fastened to the saddle on the horse standing by, and cocked said gun and drew it upon the prosecutor, and made him sign said libel. Appellant, on the other hand, proved by two witnesses that said gun was not in a condition to be fired; that is, that the pin attached to the hammer was broken, and said hammer was consequently not in a condition to explode the cartriges with which the gun was loaded. The State offered no testimony controverting this evidence. The court gave a general charge on aggravated assault, predicated upon the idea of a gun being a deadly weapon; that is, the court charged the jury that if they believed that defendant made an assault on Wells with a gun, and said gun was a deadly weapon, to convict him of an aggravated assault, etc. No charge was given predicated upon the fact as to whether or not the gun was capable of being fired. The statutory charge was given, however, that a person making an assault must be in such a position, if not prevented, that by the use of the means used he may inflict a battery before he can be guilty of an assault. Appellant requested the court to instruct the jury as follows: "You must believe from the evidence that the person making the assault, to-wit: Dock Pearce, must have been in such a position that, if not prevented, he may have inflicted a battery upon the person assailed, and in the manner in which the assault was made; that he must have been within such a distance of the person so assailed as to make it within his power to commit the battery by the use of the means with which he attempted it; and that said gun must have been a deadly weapon, as used or attempted to be used. Before you can convict the the defendant under the charge contained in the information, you must believe as above stated." This charge the court refused to give, and appellant excepted. It is not necessary to discuss that charge, as the charge of the court was nearly similar in terms upon these questions and presented the same phases. The court also gave a charge on simple assault. It was formerly held that the pointing of an unloaded gun at another, within shooting distance, was not an assault, because with the means used it was not possible for the party using the gun to have committed a battery. See, McKay v. State, 44 Texas, 43. The same principle would apply to pointing a gun which, though loaded, was at the time incapable of being fired or discharged. However, since the decision in said case, we have a statute enacted on the subject. See, Art. 592, Subdiv. 3, Penal Code, 1895, which reads as follows: "It follows that one who is at the time of making an attempt to commit a battery under such restraint as to deprive him of the power to act, or who is at so great a distance from the person assailed, as that he cannot reach his

person by the use of the means with which he makes the attempt, is not guilty of an assault. But the use of any dangerous weapon, or the semblance thereof, in an angry or threatening manner, with intent to alarm another and under circumstances calculated to effect that object, comes within the meaning of an assault." Before the adoption of the Code, in 1879, said subdivision read as follows: "It follows that one who is at the time of making an attempt to commit a battery, under such restraint as to deprive him of the power to act, or who is at so great a distance from the person so assailed as that he cannot reach his person by the use of the means with which he makes the attempt, is not guilty of an assault. Pointing an unloaded gun, or the use of any like means with which no injury can be inflicted, cannot constitute an assault." See, Paschal's Dig., Art. 2144. Evidently the article in the revised Penal Code of 1879, was passed in view of the previous article and decisions on the subject. It seems that in the case of McCullough v. State, 24 Tex. Crim. App., 128, the court, in deciding said case, stated that "an assault committed by the use of a dangerous weapon, in an angry and threatening manner, with intent to alarm another, and under circumstances calculated to effect that object, was an aggravated assault." But an examination of that case will show that that question was not before the court. The question in that case was simply whether or not appellant was guilty of an assault with intent to murder, and so what was said in regard to an aggravated assault was merely dicta. This case seems to have been followed in other cases. See, Blackwell v. State, 33 Tex. Crim. Rep., 278. In that case, however, the weapon was not merely a dangerous weapon, but was in fact a deadly weapon, which would constitute an aggravated assault, under Subdivision 8, Article 601, Penal Code, 1895. What is said in these cases not in harmony with this opinion is overruled. We do not believe it was intended, by the amendment above shown to Article 592 of the present code—that is, that portion of said article which makes the use of any dangerous weapon or the semblance thereof in an angry or threatening manner, with intent to alarm another and under circumstances calculated to effect that object—to constitute such an assault an aggravated assault, but merely to make such assault, which formerly was held not to be an assault at all, an assault. It is not an amendment to Article 601 of the Penal Code. Now, the real issue in this case, as to whether or not such assault was an aggravated or simple assault, involved the question whether or not said gun was capable of being fired; that is, if it was capable of being fired, it was a deadly weapon, and if the assault was made with a deadly weapon, under circumstances not amounting to an assault with intent to murder, the statute makes it an aggravated assault. But if the assault was not made with a deadly weapon, but with one that was dangerous, or bore the semblance or appearance of being dangerous, and was used in an angry or threatening manner, with intent to alarm, and under circumstances calculated to effect that object, then it was a simple assault. An unloaded gun, used as if to shoot another, in an angry or threaten-

ing manner, has the appearance of being a dangerous weapon, calculated to alarm, and would come within the definition of a simple assault. It will be noted that this case was a misdemeanor, and therefore it was unnecessary for the court to charge upon this matter, unless such charge was prepared in writing and requested, which was not done. Both an aggravated and a simple assault, in general terms, were given in charge to the jury. The jury merely found the defendant guilty, and assessed a fine of $25, which is applicable to either an aggravated or a simple assault. If the gun was loaded, unquestionably the assault was of an aggravated character, and the verdict of the jury, if it be applied to an aggravated assault, would be sustained. If the gun was not loaded, in the manner in which it was used it was a dangerous weapon. It was used to alarm and frighten. By its use the defendant caused the prosecutor to sign a "libel," and there is no question, under the proof in this case, that if the gun was not loaded, appellant was guilty of a simple assault, and under the proof the fine of $25 was not excessive. So, in our opinion, appellant has no cause of complaint. There are no errors in the record which would justify a reversal of this case, and the judgment is affirmed.

*Affirmed.*