## John Vann v. The State.

No. 2215.   Decided April 25, 1901.

Motion for Rehearing Decided June 22, 1901.

**1.—Aggravated Assault—Information.**

An information for aggravated assault which charged that the assault was made with a gun, a deadly weapon, is sufficient without stating how the gun was a deadly weapon, or how used, or that the gun was discharged.

**2.—Same—Requested Instructions.**

On a trial for aggravated assault, the court properly refused requested instructions not authorized by the evidence.

**3.—Same—Charge of Court.**

On a trial for aggravated assault, where the court charged the jury that if they found that defendant pointed a gun at the prosecutor, "and if you further find that defendant pointed said gun at the prosecutor with the intention to injure or alarm the said prosecutor; and if you further find that said gun was a deadly weapon, then you will find the defendant guilty as charged in the indictment and fix his punishment as above defined for aggravated assault." Held, the charge was correct, and the court did not err in giving it. But see infra, paragraph 6.

### ON MOTION FOR REHEARING.

**4.—Defense of Property.**

It is provided by statute, Code of Criminal Procedure, article 593, subdivision 4, that, "violence used to the person does not amount to assault and battery in preventing or interrupting an intrusion upon the lawful possession of property," and one in the lawful possession of property has the right, as against a trespasser, to arm himself for his protection, go to the place where the trespass is being committed, request the trespasser to leave and, if he refuses to go, can insist upon and use all reasonable means to compel him to leave, using no more force than is reasonably necessary, and if attacked by the trespasser he can oppose force with force.

**5.—Same—Charge of Court.**

On a trial for aggravated assault, where it appeared that the difficulty occurred concerning the cutting of timber upon land of which defendant had been in possession for thirty years, and upon defendant's demanding of prosecutor that he desist from cutting said timber, the prosecutor attacked him with an ax; Held, that the court should have charged the jury, in effect, that defendant had a right, in law, to prevent any unlawful intrusion on his property; and that if the violence used by defendant to prevent the same was no more than was reasonably necessary to accomplish that purpose, they should acquit, and if he was attacked by the trespasser he had a perfect right to defend himself against such attack.

**6.—Aggravated Assault—Charge of Court.**

On a trial for aggravated assault, where it appeared that the assault was either justifiable in self defense or was an assault made with a deadly weapon with intent to injure, a charge that if the weapon was used to "alarm" the prosecutor it would be an aggravated assault, is erroneous. Where the weapon is a dangerous and not a deadly one, and is used merely to frighten or alarm another, the offense is a simple assault.

Appeal from the County Court of Travis.   Tried below before Hon. A. S. Walker, County Judge.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The essential facts of the case are fully stated in the opinion of Judge Henderson on the motion for rehearing.

*John Dowell,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of an aggravated assault and fined $25.

Appellant made a motion to quash the information. The charging part thereof is as follows: "That * * * one John Vann did then and there unlawfully and willfully in and upon J. W. Rutledge, with a gun, the same then and there being a deadly weapon, did then and there commit an aggravated assault," etc.; the objection to the information being that same fails to state how said gun was a deadly weapon, or how used, and the same fails to state that said gun was discharged. The information is in proper form, and is not subject to the criticism urged by appellant.

Appellant complains that the court erred in failing to give the following charge requested by him: "If you believe from the evidence that defendant was in possession of the land on which complainant, Rutledge, was attempting to cut the timber, then defendant would have the right, in law, to prevent an unlawful intrusion on his property, and the use of any violence to prevent such would not be an assault."

We do not think the court erred in refusing to give this charge, since there is no evidence in the record authorizing the same. What we have said in reference to special charge number 1, disposes of special charges numbers 2 and 3 requested by appellant.

Appellant urges various objections to the charge of the court, and insists that the court erred in refusing to give other special charges. Without reviewing them seriatim, we deem it only necessary to say that the charge of the court is correct, and the special charges asked by appellant, so far as applicable, were given in the main charge of the court. However, we note that appellant strenuously insists that the following portion of the court's charge is erroneous: "If you find from the evidence that * * * John Vann pointed a gun at John Rutledge, and if you further find that said Vann pointed said gun at said Rutledge with the intention to injure or alarm said Rutledge, and if you further find that the said gun was a deadly weapon, then you will find defendant guilty as charged in the information, and fix his punishment as above defined for aggravated assault." The charge quoted is the law, and the court did not err in giving the same. The question involved in this matter was passed upon by us in Tollett v. State, 55 Southwestern Reporter, 335. We do not think the court erred as stated in giving this charge. No error appearing in the record, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HENDERSON, JUDGE.—The judgment in this case was affirmed at the last Austin term and now comes before us on motion for rehearing. Appellant was convicted of an aggravated assault, and his punishment assessed at a fine of $25; hence this appeal.

On the trial appellant requested the court to instruct the jury with regard to his right to defend against an unlawful trespass or intrusion upon the possession of his property. A number of charges on this subject were asked, which were refused by the court. We quote one of said charges, as follows: "The defendant had a right, in law, to prevent any unlawful intrusion on his property; and if you believe from the evidence in this case that the violence, if any, used by defendant, was to prevent or remove such, then you will acquit defendant, provided defendant used no more violence than was necessary to accomplish such." This charge, as well as all others on the subject, was refused by the court. We have examined the charge given by the court, and there is nothing in said charge with reference to appellant's right to prevent an unlawful intrusion on the property in his possession. An examination of the record discloses that the difficulty occurred in regard to an alleged trespass or intrusion upon property claimed to be owned and possessed by appellant. The evidence shows that appellant and prosecutor, John Rutledge, owned adjoining lands. Both claimed the particular piece of ground where the alleged trespass occurred. In the morning of the day of the difficulty, Rutledge sent two boys of one Beard to cut wood on said piece of ground. Appellant went down to where they were cutting and caused them to leave. In the evening after this occurrence, Rutledge and Beard went upon the same piece of ground and began cutting wood. Appellant, armed with a gun and accompanied by his son, went to the place, and, according to the State's theory, said to prosecutor: "You can not cut any timber here. You must get off of this land." Prosecutor said: "You are no gentleman to come down here with a shotgun in your hands and run a lot of little boys off." Defendant replied: "You are no gentleman, or you would not be stealing my wood." Prosecutor responded: "If you say I am stealing your wood, you are a God-damn liar." Defendant then cocked his gun and threw it down in prosecutor's face, and said, as he cocked it and pointed at him, "I will blow your God-damn head off." At this juncture appellant's son stepped in between the parties, and appellant then lowered his gun and commanded prosecutor to get off the land, which he immediately did. Defendant's theory was to the effect that he had owned the land and had been in possession of it for thirty years; that, some time before, the prosecutor, who had purchased adjoining land, had a survey made, and the line run by the surveyor took in the locality where the difficulty occurred, but he did not agree to the survey or participate therein. Prosecutor's claim to the locus was founded on this survey. According to appellant's testimony, when he heard the

boys cutting on the land in the morning he went down there, and, without abusing them, told them to get off the land. In the evening he heard some persons chopping on the land again, and took his gun down with him for his protection, and, when he got there, found it was Rutledge cutting timber; that he told him it was his land, and he must not cut wood upon it. And then he relates what occurred in the quarrel that ensued, as did the prosecutor, stated above, except he testified that when prosecutor called him a damn liar he raised his ax and advanced towards him with it drawn as if to strike him; that he was about twenty feet of appellant when he raised his gun and threw it down on him and told him to stop and not to come on him or he would shoot him; that prosecutor then stopped, and he and his companion, Beard, turned and got off the land, and he put up his gun; that he did not shoot Rutledge, nor did he try to shoot him, further than to stop him from advancing on him with the drawn ax; and he denied that his son interfered to prevent him from shooting Rutledge.

Now, on this state of case, was it necessary for the court to draw the attention of the jury to the question of appellant's possession of said land, and his right to protect the same? We are of opinion that it was. If the statute were silent as to this defense, we believe one would have a right to protect his possession to either personal property or realty. But a reference to subdivision 4, article 593, Penal Code, shows that violence used to the person does not amount to assault or battery in preventing or interrupting an intrusion upon the lawful possession of property. Article 593, subdivision 4, Penal Code; Hinton v. State, 24 Texas, 454. We would not be understood as holding that one in the first instance would have the right to assault a person in order to prevent an intrusion upon his possession of property, or to cause one to leave premises he was trespassing upon. But we hold that one who is in the lawful possession of property has the right, as against a trespasser, to arm himself for his protection, and go to where the trespass is being committed, and request such person to leave; and, if the trespasser refuses to go, he can insist upon his going, and use all reasonable means to compel him to leave, using no more force than is reasonably necessary. And if, under such circumstances, he is himself attacked, he can oppose force with force. According to appellant's theory, based on his testimony, he was in possession of the locus in quo, and had been for thirty years. Prosecutor, Rutledge, was a trespasser. He had a right to require him to desist from cutting timber; and if, as he testifies, he did no more than this, and Rutledge attacked him with an ax, he had a right to defend himself. In the charge given, nothing is said of appellant's possessory right to the land in question; yet we do not understand this to be controverted. The State's testimony nowhere shows that appellant had not been in possession of the land as testified to by him, the only claim on the part of the State being that the survey which Rutledge caused to be made embraced the particular locality in his tract of land. According to the record, as we have it here, in a civil

suit appellant's long-continued possession, outside of any title, gave him the fee in the property. However, he could only rely on his possession. Under the circumstances of the case, we think the requested charges, or a charge embodying the views hereinbefore expressed, should have been given to the jury. Otherwise, the jury might be disposed to regard his act of going to the place armed, and requesting the prosecutor to leave the premises, put him in the attitude of a wrongdoer; and, if his testimony is to be believed in this respect, he was acting within his rights in the protection of his possession.

Appellant also complains because the court instructed the jury, in substance, to find defendant guilty of an aggravated assault if they believed he pointed his gun at Rutledge with intention to injure or alarm said Rutledge. Appellant insists that the drawing of a deadly weapon on a person with the intention simply to alarm him is not an aggravated assault, but a simple assault. We do not think there is anything in this case tending to show that the assault was made merely to alarm Rutledge. The assault was either justifiable in his self-defense, or it was an assault with a deadly weapon (that is, a loaded gun), with intent to injure said Rutledge if he did not leave the premises. While the court should not have embodied the word "alarm" in said charge, yet it does not occur to us that it was calculated to injure appellant. We have heretofore held that the use of any dangerous weapon, or the semblance thereof, in an angry or threatening manner, with intent to alarm another, etc., constitutes a simple assault. Pearce v. State, 37 Texas Crim. Rep., 643, That case, however, seems to differentiate between a dangerous and a deadly weapon. The statute makes an assault with a deadly weapon, not with intent to murder or maim, an aggravated assault; and the statute before alluded to makes an assault with a dangerous weapon, or the semblance thereof, with intent to alarm another, and under circumstances calculated to effect that object, an assault. According to the view of the writer, whenever it is shown that an assault is made with a weapon which is deadly (that is, one which, in the manner used, is likely to produce death or serious bodily harm), and it is not shown that the assault is made with the intent to murder or maim, it becomes an aggravated assault. If, on the other hand, the weapon is a dangerous one, and the assault is not made in a manner likely to produce death or serious bodily harm, but is made merely to frighthen or alarm another, and with no ulterior intent to produce either constraint or injury, then it is merely a simple assault. For the error of the court in failing to give a charge on appellant's right to defend his possession to the property in question, the motion for rehearing is granted, and the judgment is reversed and the cause remanded.

*Motion granted, judgment reversed, and cause remanded.*