### John Hall v. The State.

#### No. 6239. Decided May 4, 1921.

**1.—Aggravated Assault—Surplusage—Information.**

Where, upon trial of aggravated assault, the information alleged that John Hall in and upon W. O. Barnes, with a gun, the same then and there being a deadly weapon, did then and there commit an aggravated assault, the latter part of the information, that defendant presented the same in anger, etc., was surplusage, and the information was sufficient on motion to quash. Following Smith v. State, 62 Texas Crim. Rep., 281, and other cases.

**2.—Same—Aggravated Assault—Pleading—Simple Assault—Intent to Alarm.**

If the defendant in the instant case presented at the party alleged to have been injured a shotgun, whether loaded or unloaded, with the intent

to alarm and under circumstances calculated to effect that object, he would be guilty, not of an aggravated assault, but of a simple assault, and the court should have so charged the jury. Following Hall v. State, 105 S. W. Rep., 816, and other cases.

Appeal from the County Court of Harrison. Tried below before the Honorable W. H. Strength.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The opinion states the case.

*Scott & Lane,* for appellant.—Cited Crow v. State, 41 id., 471; Lee v. State, 31 S. W. Rep., 667; Bristow v. State, 51 id., 393.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted in the County Court of Harrison County for an aggravated assault, and his punishment assessed at a fine of $25.

The charging part of the information is as follows: "that John Hall, in and upon W. O. Barnes, with a gun, the same then and there being a deadly weapon, did then and there commit an aggravated assault; and did then and there with said deadly weapon present the same in an *anger* and threatening manner with the intent to alarm the said W. O. Barnes, under circumstances not amounting to an intent to murder."

Motion to quash the information upon three grounds was presented: (a), because the information charges that a gun was presented at W. O. Barnes with intent to alarm him under circumstances not amounting to an intent to murder, and does not allege that said gun was presented under circumstances not amounting also to an intent to "maim;" (b), because the information omits to allege that the gun was presented with the intent to alarm "under circumstances calculated to affect that object; (c), because the pleader used the word "anger" instead of the word "angry." There was no error on the part of the court in refusing to quash the information. While the latter part of the information may be subject to some of the criticism directed to it, yet, the pleader had charged a complete offense when he alleged that the appellant in and upon Barnes, with a gun, the same being a deadly weapon, did then and there commit an aggravated assault. The remainder of the charging part of the information may be entirely eliminated, and yet leave a sufficient charge for aggravated assault, under which the court would be authorized to charge on simple assault on the theory that the weapon was used to alarm. Branch's Anno. P. C., page 916; Smith v. State, 57 S. W. Rep., 949; Werner v. State, 68 S. W. Rep., 681; Smith v. State, 62 Texas Crim. Rep., 281; Yelton v. State, 57 Texas Crim. Rep., 38, 170 S. W. Rep., 318.

This case, however, must be reversed upon another ground. In drawing the information the pleader seems to have proceeded upon the theory that if a gun was used in an angry and threatening manner with the intent to alarm another, and under circumstances calculated to effect that object, that the party so using the gun would be guilty of an aggravated assault, regardless of whether the gun was loaded or not. The case seems to have been tried upon the same theory. The issue was raised by the testimony as to whether the gun was loaded, but this was ignored, and the court charged the jury that if they believed the appellant used a shotgun, the same being a deadly weapon, in an angry manner, with the intent to alarm Barnes, and under circumstances calculated to effect that object, and under circumstances not amounting to intent to murder or maim, that they would find him guilty of an aggravated assault. The court was right in concluding that it was immaterial as to whether or not the gun was loaded, but the converse of the proposition as submitted by the court to the jury is the law, and not as submitted by him.

In Branch's Anno. P. C., page 916 will be found the following statement:

"Some of the earlier cases attempt to draw a distinction between a *dangerous* weapon used to alarm and a *deadly* weapon used to alarm, and some of them hold that it is aggravated assault to shoot to scare. Moore v. State, 33 Texas Crim. Rep., 311, 26 S. W., 403; Moore v. State, 33 Texas Crim. Rep., 351, 26 S. W. 404; Ulun v. State, 32 S. W., 699; Pearce v. State, 37 Texas Crim. Rep., 643, 40 S. W., 806; Vann v. State, 43 Texas Crim. Rep., 244, 64 S. W., 243; Angel v. State, 45 Texas Crim. Rep., 135, 74 S. W., 553. If the court had kept in mind the definition of the term 'deadly weapon' there would have been no confusion on this point. When a pistol or gun, whether fired or presented or rudely displayed, is only used to alarm, it is not a "deadly weapon," because it is not then from the manner of its use "calculated or likely to produce death or serious bodily injury." A weapon used only with intent to alarm is not a 'deadly weapon,' and such an assault is only a simple assault, but such an assault may become aggravated, doubtless, when committed upon a female or child by an adult male."

If the appellant in this case presented at Barnes a shotgun, whether loaded or unloaded, with the intent to alarm, and under circumstances calculated to effect that object, he would be guilty, not of an aggravated assault, but of a simple assault. For many cases collated, see the third paragraph on page 916, Branch's Anno. P. C., under Section 1537. For another case directly upon the point see Hall v. State, 105 S. W. Rep., 816.

For the error heretofore pointed out the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*