RAY WOLFENBERGER V. THE STATE.

No. 20830. Delivered February 7, 1940.
On Motion to Reinstate Appeal June 12, 1940.

478

The opinion states the case.

*M. E. Lawrence,* of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was convicted in the District Court of Stephens County for the offense of driving an automobile upon a public highway while intoxicated, and his punishment was assessed at confinement in the penitentiary for two years.

The transcript in the case fails to show any notice of appeal. This is essential to confer jurisdiction on the reviewing court. See Art. 827, Vernon's Ann. C. C. P., 1925, and authorities collated under said article.

The appeal is dismissed.

### ON MOTION TO RE-INSTATE APPEAL.

GRAVES, Judge.

This appeal has been heretofore dismissed because of the lack of a notice of appeal appearing in the record. It now appears that such notice was properly and timely given but through an oversight same was not included in the transcript. Such a defect has now been remedied, and we re-instate the appeal and consider the case upon its merits.

It appears from the facts that appellant while drunk and under the influence of intoxicating liquor drove and operated his motor vehicle upon a public highway. This is shown by many witnesses, and there was no testimony to the contrary.

In fact the only witness introduced by appellant served to strengthen the case against him. It was also shown without contradiction that appellant had theretofore been convicted of an offense of a similar nature, and such previous conviction was set forth in the indictment for the purpose of an enhancement of the penalty.

The main question raised herein appears in appellant's objections to the court's charge relative to the paragraph therein where the trial court submitted in a conjunctive way both the instant offense and the former offense, coupled together, and in effect instructed the jury that unless they believed beyond a reasonable doubt that appellant drove and operated his motor vehicle while in a drunken condition, in the instant case, and also unless they believed beyond a reasonable doubt that he had theretofore, in a named case, been convicted of the offense of driving a motor vehicle while in a drunken condition, then they should acquit the defendant.

This was a more liberal charge than appellant was entitled to under the facts. There was no question of any kind made relative to the prior conviction; it was amply proven by the record, and appellant was identified as the same person convicted therein. There was also no issue raised in the instant trial; no denial is made in either instance.

We think the better procedure would have been for the court to have first presented to the jury the proposition of ascertaining appellant's guilt in the instant case in a separate paragraph. In a succeeding paragraph he should have further submitted to the jury that in the event they should find the defendant guilty of the offense therein charged, then they should further consider whether this same defendant had theretofore been convicted of a similar offense as alleged in the indictment.

In the present instance the trial court told the jury that before they could convict the appellant of any offense, even the instant one, they must believe him guilty of both offenses.

There was no denial of either offense by anybody, and no proof offered relative to the prior offense save that of the State, and no cross examination of the State's witness relative to the prior offense.

Art. 666, C. C. P., reads as follows: "Whenever it appears by the record in any criminal action upon appeal that any requirement of the eight preceding articles has been disregarded, the judgment shall not be reversed unless the error appearing

from the record was calculated to injure the rights of defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial. All objections to the charge and to the refusal or modification of special charges shall be made at the time of the trial."

Applying the doctrine laid down in Art. 666, C. C. P., we are of the opinion that it appears from the record that the objected to charge of the court was not, under the circumstances here present, calculated to injure the rights of the defendant, and that it does appear therefrom that he had had a fair and impartial trial.

The above ruling practically disposes of all matters raised by bills of exceptions, and they are all overruled.

The judgment is affirmed.