## ELGIN WELDON HANDY v. STATE

No. 26,867. March 17, 1954
Rehearing Denied May 12, 1954
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) June 9, 1954

*Martin & Shown,* by *James J. Shown* and *W. E. Martin,* Houston, *Charles W. Tessmer* and *W. R. Sessions,* by *W. R. Sessions,* Dallas, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was charged by indictment with the offense of burglary and three prior convictions were alleged for the purpose of enhancing the punishment.

The trial court submitted the case to the jury with instructions to the effect that in the event they found him guilty of the presently charged burglary, and further found that he was the same person who was previously convicted in the three cases described in the indictment, they would find him guilty and so say by their verdict, otherwise to acquit. Upon the verdict of guilty, the court rendered judgment and sentenced appellant to confinement in the penitentiary for life. Only two prior convictions were required under Art. 63 P.C.

Appellant complains of the court's failure to further instruct the jury that in the event they had a reasonable doubt as to

his being the person so previously convicted, but found beyond a reasonable doubt that he was guilty of the burglary charged, they might assess his punishment at not less than two nor more than twelve years in the penitentiary.

Appellant concedes that the decisions of this court in Cox v. State, 157 Texas Cr. Rep. 51, 246 S.W. 2d 474, and Punchard v. State, 142 Texas Cr. Rep. 531, 154 S.W. 2d 648, sustain the states's position that the court's charge is not ground for reversal because it was more favorable to appellant than the charge requested. See also Ware v. State, 151 Texas Cr. Rep. 228, 207 S.W. 2d 868, and Wolfenberger v. State, 139 Texas Cr. Rep. 477, 141 S.W. 2d 601.

We are urged to overrule these authorities and to now hold that the charge given was not more favorable than appellant was entitled to, but was prejudicial to him.

We are cited to the rule requiring the submission of aggravated assault where the issue of intent to kill is raised in a prosecution for murder or assault with intent to murder, and especially to the case of Moore v. State, 26 S.W. 404, wherein this court said:

"If defendant shot at Clark only for the purpose of alarming him, the offense would be aggravated assault. McCullough v. State, 24 Texas App. 129, 5 S.W. 839. He could not be acquitted. The court did not submit the issue of aggravated assault to the jury. This may have caused the jury to assess the higher punishment of assault with intent to murder. While we would not disturb the verdict upon the facts, yet the jury were precluded from passing upon the mitigating fact in the case; that is, the want of intent to kill. If the specific intent to kill was wanting, the offense would be aggravated assault. They were left to decide between acquitting upon the one hand, and of convicting of an assault to murder on the other, when the facts raised the issue of an inferior degree of assault. It was clear defendant was guilty of assault, and they were thus forced to convict of the only grade submitted to them, to wit, assault with intent to murder. An honest jury could not acquit defendant of every grade of assault under the facts before us, for it is shown that defendant fired three shots at his fleeing enemy."

We agree with counsel that a defendant charged as a subsequent offender may be convicted of the p r i m a r y offense charged, though the state fails to properly allege or prove the

former convictions or identify the defendant as the same person so previously convicted.

We also agree that it is proper for the court to authorize the jury to consider the guilt of the defendant on the present charge and assess his punishment in the event they find that he was not previously convicted of the offense or offenses alleged for the purpose of enhancing the punishment.

Intent to kill is ordinarily an essential element of murder, in the absence of which the offense cannot be greater than aggravated assault.

But where the state alleges prior convictions for the purpose of obtaining an enhanced punishment, the allegations as to prior convictions are no part of the substantive offense but merely a guide for the court or jury in fixing the final punishment in the event of a conviction. Sigler v. State, 143 Texas Cr. Rep. 220, 157 S.W. 2d 903; Ellison v. State, 154 Texas Cr. Rep. 406, 227 S.W. 2d 545.

The failure of the state to prove a prior conviction relied upon to enhance the punishment would not reduce the degree of offense for which the defendant could be convicted, but would affect the punishment.

The state may elect to prosecute an accused under an ordinary indictment for the primary offense, or may allege prior convictions against him for the purpose of obtaining an enhanced punishment and the defendant cannot complain. Under Arts. 62 and 63 P.C. the punishment for the subsequent conviction is definite, and need not therefore be passed on by the jury.

If the state sees fit to so present its case as to secure the definite punishment fixed by the enhancement of punishment statutes or none at all, the matter is one of punishment alone and not of mitigating facts which would reduce the offense to a lower grade.

We are unable to agree that a reversal is called for because the charge authorized an acquittal under facts which would permit a conviction of the primary offense.

The burglarized building was equipped with a burglar alarm system and appellant was discovered in the drug store which

he had entered through the roof. "Burglar tools" and explosives were found in the building and the safe had been blown.

It is conceded that the proof of the primary offense is conclusive but appellant questions the sufficiency of the evidence to established the fact that appellant had been previously convicted, as alleged.

Certified copies were offered by the state showing the former convictions alleged in the indictment, and appellant's identity was established through comparison of finger-prints taken at the time of his arrest for the present offense and those from the files of the prison system.

Appellant complains of the introduction of the finger-prints from the prison files.

J. M. Metz testified that, as assistant chief of the Records and Identification Department of the Texas Prisons, his duties were to check commitment papers and to keep and have custody of the records; that when a convict was received he was accompanied by a certified copy of the judgment which it was his duty to keep and that it was the usual procedure to fingerprint and photograph the convict when he was received; that each time a convict is received he is assigned a number which is shown on his photograph and on the file jacket.

The certified copies from the three files produced by Mr. Metz were the same as those offered by the state from the respective courts where the convictions occurred.

Mr. Metz also testified that the certified copies of the convictions, the pictures and fingerprints of the convict were placed in folders on the outside of which was placed the personal data "showing the dates, name, etc."; that the folders were kept in locked files; that he did not know of any substitution or change of cards having been made and had never heard of such; that since 1937 there had been two civilian employees in the record office during office hours to supervise the convicts who worked there.

We find the evidence as to these records admissible. Art. 3731(a) V.A.C.S.

In Grice v. State, 142 Texas Cr. Rep. 4, 151 S.W. 2d 211, wherein fingerprint testimony is fully discussed and considered,

we cited the case of State v. Smith, 128 Or. 515, 273 Pac. 323, wherein the Supreme Court of Oregon held that photographs and fingerprints taken from a prison record were admissible for the purpose of identifying the accused as the defendant in the prior conviction alleged to enhance the punishment.

The judgment is affirmed.

## ON MOTION FOR REHEARING

MORRISON, Judge.

Appellant contends that the charge in the instant case was not as favorable to him as was the charge given in the Punchard case, supra, in that in the Punchard case the jury was told that if they had a reasonable doubt that the accused was the same person who had been convicted under the name of John Cornell in 1928 they should acquit. The primary offense in that case was alleged to have been committed in 1941, and the prior convictions were alleged to have been secured in 1935 and in 1928. An examination of the record in the Punchard case reveals the reason for that charge. There was no question as to proof of identity in the 1935 conviction, but when identifying witnesses were testifying about the 1938 conviction counsel for the appellant had another Negro who looked like the appellant and whose name apparently was John Cornell brought into the courtroom for the purpose of casting a doubt in the mind of the witnesses. Out of an abundance of caution, the trial court gave this charge as to the 1928 conviction only. Such a situation does not exist in the case at bar, and such a charge was not called for.

Appellant contends that the indictment does not allege that each offense was committed after a final conviction in the preceding case. In this we think he is in error. The indictment herein is drawn like the indictments in Clifton v. State, 156 Texas Cr. Rep. 655, 246 S.W. 2d 201, and White v. State, 157 Texas Cr. Rep. 171, 247 S.W. 2d 396; that is, the prior convictions are charged first and then the primary offense is set forth, reciting the matters chronologically rather than in the sequence generally employed. The requisites set forth in those cases are met by the instant indictment.

Appellant complains that the allegation in the indictment describing one of the prior convictions was not sufficient. The allegation was that the appellant had been convicted of the

"offense of theft over the value of fifty ($50.00) and no/100 dollars, a felony."

We overrule appellant's contention in this respect.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.