## WILLIS ROBINSON V. STATE

No. 28,369. June 27, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) October 10, 1956.

*C. C. Divine,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted under an indictment charging the possession of a narcotic drug, to wit: heroin, with two prior convictions for felonies less than capital alleged for the purpose of enhancement; the punishment, life imprisonment.

According to the state's testimony, as the appellant about 10:20 P.M. was parking his car on the right hand side of a street in Houston, Officer Stringfellow approached the right rear of the car on foot as Officer Gray drove his car along the left side of appellant's car and turned a spotlight on the appellant. Officer Gray testified that as he turned the spotlight on the appellant, he saw him hand a small blue package to Leonard Allmans who was seated on appellant's right in the front seat, and he then saw Allmans drop the package out of the right front window of the car, and that he immediately went to the place where he saw the package fall and by the aid of a flashlight picked up a small blue package. He further testified that said package "was a cover from a book of matches with a small capsule of whitish powder inside wrapped in cellophane," which he identified at the trial and it was introduced in evidence as State's Exhibit No. 5.

Officer Stringfellow testified that he was near the rear bumper of appellant's car when by the aid of a flashlight he saw Allmans drop a blue object from the window of the car to the ground, and that he saw Officer Gray pick up said object; that they each marked it for identification purposes and then placed

it in the lock box of the identification bureau at the police station.

Proof was offered by the state's witness F. E. McDonald, chemist and toxicologist for the Houston Police Department, that the capsule in the blue package in question contained heroin.

The state introduced proof of the prior convictions alleged and that the appellant was the same person named in each of the previous judgments of conviction.

Appellant, while testifying in his own behalf, denied that he had in his possession the blue package in question or that he handed it to Allmans as Officer Gray drove alongside his car and stated that he saw it for the first time when the officers showed it to him at the time of his arrest.

Appellant challenges the sufficiency of the indictment on the ground that the allegations charging the primary offense failed to allege that the appellant "knowingly" possessed a narcotic drug, to wit: heroin.

Under the provisions of Sec. 2, Art. 725b, Vernon's Ann. P.C., it is not essential in order to charge an offense to allege that the accused knowingly possessed the drug in question. Scott v. State, 90 Tex. Cr. R. 100, 233 S.W. 1097, 16 A.L.R. 1420.

Appellant contends that the indictment does not charge an offense because it fails to allege specifically that the appellant was an "habitual criminal."

Art. 63, Vernon's Ann. P.C., does not create or define a new and independent crime but sets forth conditions under which a person if convicted of a certain number and kind of offenses may be imprisoned for life. Hence such allegation is not required. Handy v. State, 160 Tex. Cr. R. 258, 268 S.W. 2d 182.

Appellant next insists that the indictment is insufficient in that it fails to allege the dates of the commission of the offenses of the prior convictions therein set forth.

The offenses for which the prior convictions were had are not required to be alleged with the same certainty as the offenses charged originally. No error is shown. Broughton v. State, 148 Tex. Cr. R. 445, 188 S.W. 2d 393.

The indictment is not defective as the appellant contends on the ground that the allegations as to the prior offenses fail to charge that they were for felonies less than capital because it is alleged in the first paragraph of the indictment that he "was then and there a person who had theretofore been convicted of two felonies less than capital, in this, to wit: * * *" followed by allegations as to the prior convictions, and in connection with each prior conviction alleged the offense for which it was had is specifically designated. Further the allegation that one prior conviction was for burglary and the other for robbery by assault was alone sufficient to show that the prior convictions were for offenses less than capital.

It is urged that the indictment is defective in that it does not aver that each succeeding offense was committed after the conviction for the preceding offense.

The indictment charges the prior convictions first and then the primary offense. It alleges that each offense was committed after a final conviction in the preceding case. Under our holding in Handy v. State, 160 Tex. Cr. R. 258, 268 S.W. 2d 182, the instant indictment is sufficient.

Appellant objected to the admission in evidence of the package which was marked State's Exhibit No. 5 because of the method by which it was obtained and that it was not properly identified.

The officers seized the package marked State's Exhibit No. 5 after it was dropped from appellant's car to the ground. This manner of obtaining possession of said package was not unlawful.

Officer Gray while testifying identified an envelope by his initials, the date, and appellant's name thereon, and he then removed therefrom a match cover bearing his initials and the date of seizure and containing a small capsule which he identified as being the same package he picked up by appellant's car and placed in a lock box at the police station.

F. E. McDonald, chemist and toxicologist for the Houston Police Department, identified State's Exhibit No. 5 during his testimony as being the envelope containing a capsule in a match cover which he removed from a lock box at the Houston Police Station. He further testified that after he made an analysis of the substance in the capsule, he placed it and the match cover in

said envelope which he sealed and kept until he produced it at the instant trial.

The identity of the package and its contents were sufficiently established to render them admissible in evidence. Ybarra v. State, 160 Tex. Cr. R. 487, 272 S.W. 2d 374; Fulcher v. State, (page 177 this volume), 289 S.W. 2d 588.

It is insisted that the witness McDonald was not shown to be qualified to make a chemical analysis of the substance in question and express an opinion as to the results of such test.

The witness McDonald testified that he had a Bachelor's and Master's Degree in chemistry and had a years' work on his Ph.D. and had five and one-half years experience in the analysis of substances to determine their content, and had made two or three thousand tests of substances to determine whether they contained heroin.

We find that the witness was qualified to make the analysis in question and to express his opinion as to the results of such test.

Appellant's attorney called the appellant to the witness stand with the following statement: "I want to offer the defendant as a witness in his own behalf for a limited purpose only to the jury for the primary offense only." To such offer the trial judge stated, "That can't be done any witness that gets on the stand goes on for all purposes." Appellant's attorney then said, "I am putting him on for a limited purpose."

Appellant took the witness stand and testified that he at no time possessed the matchbox marked State's Exhibit No. 5, and that he did not pass any object to Leonard Allmans at the time Officer Gray shined the spotlight in his face. On cross-examination the state's attorney questioned him relative to the prior convictions alleged in the indictment. During such examination he stated that he was the same Willis Robinson convicted in Harris County Criminal District Court No. 2 on April 10, 1942, for the offense of burglary, and further testified that he was the same Willis Robinson who was convicted under the name of Willie Robinson on the 12th day of November, 1953, in Criminal District Court of Harris County, Texas, for the offense of robbery by assault. To this testimony appellant objected on the ground that he took the stand for the limited purpose of testifying only as to the primary offense.

Branch's Ann. P.C., 2nd Ed. 170, Sec. 168, reads:

"When the defendant takes the stand as a witness he is subjected to the same rules as any other witness. He may be contradicted, impeached, discredited, attacked, sustained, bolstered up, made to give evidence against himself, cross-examined as to new matters, and treated in every respect as any other witness testifying in behalf of defendant, except where some statute forbids certain matters to be used against him, such as proof of his conviction on a former trial of the present case, his failure to testify on a former trial or hearing, and the like." (And cases there cited.)

See also Gonzales v. State, 160 Tex. Cr. R. 548, 272 S.W. 2d 524; Tyler v. State, No. 28,209, (Page 46, this volume); McCormick on Evidence, page 274, Sec. 131; 44 Tex. Jur. 1176, Sec. 165.

The accused has an option to stay off the stand altogether or to testify. When he takes the stand he becomes a witness for all purposes, and the state is not confined in its cross-examination to matters elicited in chief. No error is shown by the court's refusal to limit the cross-examination of the appellant.

Appellant complains of the introduction in evidence of certified copies of convictions and the pictures and fingerprints of the appellant as shown by the official records of the Texas Prison System.

The copies of the convictions were properly identified and correspond with the prior convictions herein alleged and the photographs and fingerprints were shown to be of the person named in the certified copies of the convictions. This evidence was admissible. Art. 3731a, Vernon's R.C.S.; Handy v. State, 160 Tex. Cr. R. 258, 268 S.W. 2d 182; Lane v. State, 162 Tex. Cr. Rep. 305, 284 S.W. 2d 723.

Appellant contends that the evidence fails to show any measure of the quantity of heroin in the capsule in question, therefore the evidence is not sufficient to sustain a conviction under our holding in Greer v. State, No. 28,192, (page 377, this volume).

In the Greer case the evidence showed that the defendant possessed only a small piece of wet cotton which when evaporated to dryness indicated a trace of heroin. Officer Gray's tes-

timony in the instant case shows that the capsule contained a "whitish powder" which the chemist testified was heroin. Appellant's contention is overruled.

We find the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.