Thomas Aquinas DESLATTE, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 83 015 CR.

Court of Appeals of Texas,
Beaumont.

Sept. 21, 1983.

Rehearing Denied Nov. 21, 1983.

Discretionary Review Refused
March 14, 1984.

Herbin J. Molbert, Port Arthur, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

## OPINION

BROOKSHIRE, Justice.

Thomas Aquinas Deslatte pleaded guilty to a charge of possession of a controlled substance, cocaine. The offense date was August 27, 1981. Appellant entered a plea of "true" to an enhancement allegation of felony possession of marihuana, the previous conviction having taken place on February 19, 1971. After thorough admonitions by the trial judge, the Appellant persisted in his plea of guilty and his plea of "true". A jury having been properly waived, the trial judge assessed punishment at forty-five (45) years confinement.

The sole ground of error is that the trial court erred in not striking, sua sponte, the repetition count in the indictment or, more correctly, the enhancement allegation. The Appellant argues that the indictment in the 1971 conviction for narcotics possession was fatally defective because the indictment did not allege a culpable mental state.

The Appellant contends that the trial court should have taken this action on its own motion because the prior indictment was fundamentally defective inasmuch as it did not allege criminal intent. The prior indictment, in cause number 28862, in the Criminal District Court of Jefferson County, Texas, is not in the record before us. We cannot consider allegations set out only

in the Appellant's brief which are not in the appellate record. *Creed v. State*, 403 S.W.2d 129 (Tex.Crim.App.1966); *Isaacs v. State*, 403 S.W.2d 409 (Tex.Crim.App.1966).

The regulatory law governing narcotics for some years prior to February, 1971, being the date of conviction concerning the enhancement allegation, was known as the Uniform Narcotic Drug Act, codified as *VERNON'S ANN.PENAL CODE art. 725b* (1961). In *Robinson v. State*, 163 Tex. Cr.R. 499, 293 S.W.2d 781 (1956), we find this holding:

> "Under the provisions of section 2, Art. 725b, Vernon's Ann.P.C., it is not essential in order to charge an offense to allege that the accused knowingly possessed the drug in question."

 Hence, when the Appellant was indicted in cause number 28862 for possession of marihuana it was not necessary that the indictment allege that the narcotic was knowingly or intentionally possessed.[1]

AFFIRMED.

---

[1]. Appellant in his brief sets out what, apparently, is an exact copy of parts of the 1970 indictment involving the narcotic drug, Marihuana. We quote from the Appellant's brief:

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURORS for the County of Jefferson, State aforesaid, duly organized as such at the October Term, A.D., 1970, of the Criminal District Court of Jefferson County, Texas, in said County and State, upon oath in said Court present that TOM DESLATTE and NEWT FORSYTHE, on or about the 26th day of September, One Thousand Nine Hundred and Seventy, and anterior to the presentment of this indictment in the County of Jefferson and State of Texas, did then and there unlawfully sell to Charles D. Kelly, a narcotic drug, to-wit, Marihuana.

"AND THE GRAND JURORS AFORESAID, upon their oaths aforesaid, do further present in and to said Court, at said term, that the said TOM DESLATTE and NEWT FORSYTHE

on or about the 26th day of September, A.D., 1970, in said County and State, did then and there unlawfully possess a narcotic drug, to-wit, Marihuana."

Appellant relies on *Baldwin v. State*, 538 S.W.2d 109 (Tex.Crim.App.1976). We find *Baldwin, supra*, which was a credit card abuse case, not controlling. Ordinarily an indictment which charges an offense in the terms, wording and language of the statute is sufficient. *Baldwin v. State, supra*. Also the State's pleading—the indictment—gave adequate notice to Thomas Deslatte in the 1970 Marihuana felony offense. *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex.Crim.App.1974). By serendipity, we note that Tom Deslatte and Newt Forsythe were co-indictees in 1970 in an indictment alleging sale and possession of a narcotic drug. *Newton Doyle Forsythe v. The State of Texas*, 664 S.W.2d 109, a contested case, was decided and handed down by this Court on June 29, 1983.