## THOMAS HILL v. THE STATE.

1. Indictment, alleging time and place, charged that the defendant, with force and arms, did unlawfully commit an aggravated assault upon the body of one S., then and there being in the peace of God and of the State, and with a pistol, to-wit, a six-shooter, loaded, etc., did commit unlawful violence upon the person of said S., by drawing against and upon the said S. the said pistol, which was then and there a deadly weapon, and by using threats and threatening gestures towards the said S., contrary etc., etc.    *Held*, that the indictment does not charge an assault, as that offense is defined by the statute, and it is therefore insufficient to support a conviction even for simple assault.

2. In a trial for an aggravated assault upon S., the State proved that defendant and another were quarreling, and S. stepped up and ordered defendant to " dry up, or he would make him ;" whereupon defendant told S. to go off and let him alone or he would shoot him, and raised his pistol out of its holster, but did not cock it, or attempt to hurt S.    *Held*, that if any offense was committed by the accused, it was necessarily aggravated assault ; and therefore it was error to charge the jury that they might acquit of aggravated and convict of simple assault, which they did.

3. Venue must be proved, or the conviction cannot be sustained.

XXXIV—39

Appeal from Parker. Tried below before the Hon. Charles Soward.

One of the head notes condenses, but fully comprehends, the testimony most unfavorable to the appellant. Some of the witnesses saw no attempt on his part to draw his pistol, and otherwise sustained his version of self defense against an apprehended assault upon himself. There was no proof that Stimpson, the assaultee, was an officer.

The verdict was guilty of simple assault, and it assessed a fine of fifty dollars against the defendant, who moved for a new trial and in arrest of judgment. His motion being overruled, he appealed.

*W. M. Walton,* for the appellant.—I. The indictment is bad—
1. Because too vague and indefinite. 2. Because it fails to allege an intent to injure.

That it is too vague; see 1 Bishop Cr. Pro., §§ 47, 277; also, 28 Texas, 627, State v. Powell. The facts which constitute the offense, and the manner of procedure should be plainly stated and not be left to inference, or to be drawn from conclusion of law or presumed from the state of facts.

In does not allege an intent to injure. Where an assault is alleged, if no battery be proven, then the indictment is bad, unless an intent to injure is averred. If a battery accompanies the assault, then the act includes the intent; but otherwise, where there is no battery then the intent to injure must be alleged. This is elementary and needs no authority to sustain it.

II. By reference to the statement of facts, it will clearly be seen that no assault was committed. Appellant did stand back, put himself in an attitude of defense, raise his pistol up from the scabbard, but did not put it on cock nor present it. On the contrary, he gave warning that he would do hurt, if further interfered with.

III. The statement of facts fails to show any venue. This is fatal. (28 Texas, 696, State v. Thorp.)

If the indictment be bad, or if there be want of evidence to sustain the verdict, or if it appear that the facts do not constitute an offense, the case should be dismissed after being reversed. (Thurman v. The State, 33 Texas, 684.)

*Wm. Alexander*, Attorney General, for the State.

OGDEN, J.—The indictment in this case is insufficient, because it does not charge an assault, as defined by the statute. The charge of the court is erroneous, in that it instructed the jury that they would be authorized, under the evidence, to acquit the defendant of an aggravated assault, if they did not believe him guilty of that offense, and find him guilty of a simple assault. If defendant was guilty of any assault under the evidence, it could be none other than an aggravated assault, and not a simple assault. The evidence was wholly insufficient to support any verdict of guilty, as no offense was proven, and no venue was proven.

The judgment is reversed and the case dismissed.

Reversed and dismissed.