Opinion delivered March 14, 1888.

---

No. 2513

R. E. Flournoy *v.* The State.

Assault — Assault and Battery — Aggravated Assault and Battery.—The use of any unlawful violence upon the person of another with intent to injure him, whatever be the means or degree of violence used, is an assault and battery as that offense is defined by article 484 of the Penal Code. The injury intended may be either bodily harm, constraint, a sense of shame or other disagreeable emotion of the mind. Any attempt to commit a battery, or any threatening gesture, showing in itself, or by words accompanying it, an immediate intention, coupled with an ability to commit a battery, is an assault. If the means used was a deadly weapon, the assault would become aggravated. See the

statement of the case for evidence *held* insufficient to support a conviction for aggravated assault because it fails to show either an attempt or an immediate intention to inflict violence.

APPEAL from the County Court of Jackson. Tried below before the Hon. J. S. McNutt, County Judge.

The conviction was for an aggravated assault upon J. N. Strane, and the penalty assessed was a fine of twenty-five dollars.

The substance of the testimony of the prosecuting witness, J. N. Strane, was to the effect that while he was cutting a log of wood in his field, on the day mentioned in the information, the defendant and his brother, R. A. Flournoy, approaching from opposite directions, came to where he was. Defendant was armed with a deadly weapon—a gun. He stopped about twenty steps distant from witness, holding the barrel of his gun on a level with his hip, and in such manner that, had it been discharged, without changing its position, it would have shot witness. R. A. Flournoy stopped within ten feet of witness, and proceeded to curse and abuse the witness and apply vile epithets to him, because he had taken preliminary steps to enforce the settlement of a land transaction pending between him and the said Flournoys. Throughout the entire conversation which ensued between witness and R. A. Flournoy, the defendant maintained his position, holding his gun in the manner stated. He did not cock the gun, nor did he attempt to shoot the witness, nor to strike the witness with it, nor to use it in any other manner than as stated; nor did he address any remark to witness except that, when said R. A. Flournoy said to witness; "If you sell the land and buy it in you will never live to put your foot on it," the defendant said: "Yes, we have settled upon that." While not customary it was not unusual for the defendant and other people to carry guns about the woods. Witness had never given or refused permission to the Flournoys to enter his field, and they and their families had been in the practice of entering upon it at will. The manner in which the defendant held his gun created in the mind of witness an apprehension and fear of bodily harm. This witness was corroborated by his son, Hugh Strane, who was present during the transaction.

The defense offered no testimony.

*A. S. Thurmond,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

HURT, JUDGE. Appellant was convicted of aggravated assault under article 484 of the Penal Code, which defines an assault, and subdivision 8 of article 496, making an assault aggravated when committed with a deadly weapon.

The facts constituting an assault, as defined in subdivision 3 of article 488 of the Penal Code, are not alleged in the indictment; hence, the sufficiency of the evidence to constitute an assault in this case must be tested by article 484 of the Penal Code.

The use of any unlawful violence upon the person of another, with intent to injure him, whatever be the means or degree of violence used, is an assault and battery. The injury intended may be either bodily harm, constraint, a sense of shame or other disagreeable emotion of the mind. Any attempt to commit a battery, or any threatening gesture, showing in itself or by words accompanying it an immediate intention, coupled with an ability, to commit a battery, is an assault.

We will restate, so that the law clearly applicable to the facts of this case may be presented.

The use of an unlawful violence upon the person of Strane, with the intent to constrain him, or with the intent to produce in the mind of Strane a sense of shame or other disagreeable emotion, is an assault and battery. Any attempt to use unlawful violence upon the person of Strane, whatever be the means or the degree of violence used, with intent to constrain him, or with intent to produce in his mind a sense of shame, etc., is an assault. Or any threatening gesture, showing in itself or by words accompanying it, an immediate intention, coupled with an ability, to use unlawful violence upon the person of Strane, with intent to constrain him, or to produce in his mind a sense of shame or other disagreeable emotion, is an assault; and if the means used was a deadly weapon, the assault would be aggravated.

Now, it will be seen that, under article 484, to constitute an assault there must be an attempt to use violence upon the person of another, or from the gestures alone, or from the gesture accompanied with words, coupled with the ability, there must be

shown an immediate intention to use violence upon the person of another.

Concede that the prosecutor was constrained—concede that a sense of shame or the most disagreeable emotion was produced in his mind, and that these injuries were intended by appellant —still, if there was no attempt to inflict violence upon his person, or from defendant's gestures, or gestures accompanied with words, coupled with ability, it does not appear that there was an intention to inflict violence upon the person of Strane, there was no assault. Though the injury is clearly intended by the accused, and may have been produced, yet, if not effected through the attempt, etc., to use violence upon the person, there can be no assault under article 484.

For, if this proposition be incorrect, an assault can be committed by words alone. To illustrate: A meets a lady upon the streets and publicly accuses her of being a wanton. No ordinary or extreme violence inflicted upon her person, no amount of physical pain would be equal to the injury thus inflicted; and yet this would not be an assault.

The evidence in this case failing to show an attempt to inflict violence upon the person of Strane, and it also failing to appear from appellant's gestures, or gestures accompanied with words, that it was appellant's *immediate intention* to inflict violence upon his person, this conviction is without proof and must be set aside. The judgment is reversed and the cause remanded.

*Reversed and remanded.* ·