### GUINN CLARK v. THE STATE.

No. 8507. Delivered Jan. 28, 1925.

No motion for a rehearing filed.

**Simple Assault—Evidence Insufficient.**

The appellant was convicted of a simple assault. The prosecution was evidently brought under Art. 1013, P. C. An examination of the record discloses that the evidence is wholly insufficient to sustain the conviction.

Appeal from the County Court of Rockwall County. Tried below before the Hon. J. W. Reese, Judge.

Appeal from a conviction for a simple assault; penalty, a fine of twenty-five dollars.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is simple assault; punishment fixed at a fine of twenty-five dollars.

It is the contention of the State that the facts warrant a conviction for violating the provisions of Art. 1003, Sec. 3, of the Penal Code.

The witness Rainey impounded some stock belonging to the appellant. Upon learning this, appellant and his son went to the home of Rainey and asked to see him. When he appeared, they told him that they had come after their stock.

Appellant had in his possession a gun which he was holding in his hand with the muzzle towards the ground and the stock near his shoulder. Rainey claimed that in reply to his inquiry as to whether the gun was brought for the purpose of getting the stock, appellant said, "Yes." This the appellant denied. Rainey also claimed that when the appellant left the premises, he went out in the road and said he would go no further. After a time, the appellant and his son proceeded, and as they went, Rainey hollered to them that he would turn the stock over to the officers, whereupon appellant said that if Rainey did so, he (appellant) would turn him over to the undertaker. This the appellant also denied.

It is the theory of the State that the phase of the statute violated is Sec. 3 of Art. 1013, P. C. This article is found in Title 15, Chap. 1, defining assault and battery.

In Art. 1008, P. C., it is said:

"Any attempt to commit a battery, or any threatening gesture showing, in itself or by words accompanying it, an immediate intention, coupled with an ability to commit a battery, is an assault."

Art. 1013, P. C., defines the term "coupled with ability to commit," and uses this language:

"But the use of any dangerous weapon, or the semblance thereof, in an angry or threatening manner, with intent to alarm another, and under circumstances calculated to effect that object, comes within the meaning of an assault."

In the present case, the possession of the gun by the appellant was not unlawful; nor do we believe that the evidence revals that he made an unlawful use of it. He had it in his possession and carried it with the stock under his arm and the barrel pointed at the ground. He made no demonstration with it; he used no threatening language. Appellant said that he came for his stock. The prosecuting witness asked if it was for that purpose that he brought the gun. If the appellant was guilty, it was because in reply to that question he answered "Yes." It is not claimed that he changed his position, that he raised the gun or that he made any threat to use it. On the contrary, when ordered off the premises, he left and went to his home. He sent his son back

for his stock, paying the damages asked by the prosecuting witness. The fact, if it be a fact, that in reply to the threat of Rainey to turn his stock over to the officers the appellant said that he would turn Rainey over to the undertaker seems not to bring the case within the meaning of the statute. At the time of making this remark, the appellant was going towards his home and was going away from the alleged party. The distance was not shown. It was not claimed that he raised his gun or made any demonstration with it.

The threat, if any, was conditional.

It is believed that the interpretation put upon his acts by the jury is not warranted by the facts proved.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*