**Darryl Wayne GASTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–82–00769–CR.**

Court of Appeals of Texas, Dallas.

Dec. 6, 1983.

David Loving, Dallas, for appellant.

Henry Wade, Dist. Atty., Jeffery Keck, Asst. Dist. Atty., Dallas, for appellee.

Before STOREY, VANCE and SHUMPERT, JJ.

SHUMPERT, Justice.

We grant the appellant's motion for rehearing, withdraw our opinion of November 9, 1983, and the following is now our opinion.

This is an appeal from a conviction of aggravated assault. In his sole ground of error, appellant contends there is insufficient evidence to sustain his conviction because there is no evidence that he "used" a deadly weapon as alleged in the indictment. We disagree and affirm.

On April 14, 1981, at approximately 10:00 p.m., complaining witness Angie Harris saw a man outside the drive-through window at the Dairy Queen at which she worked. Shortly thereafter, Harris went to the freezer in the back of the restaurant to store supplies. She turned and found herself face to face with a man holding a sawed-off shotgun who had apparently entered the freezer through a back door. She later identified the man as appellant. Harris screamed and appellant moved behind her, put one hand over her mouth while holding the shotgun in the other, and told her to "hush." When he removed his hand from her mouth, she asked appellant not to shoot her. Hearing the scream, a co-worker came to the freezer and opened the door from the inside of the restaurant. The co-worker saw what was transpiring and left promptly. Appellant then backed out of the freezer and left by the door through

which he entered. On cross-examination, Harris testified that throughout the incident, appellant did not point the shotgun at her, but held it by his side, aimed at the floor, and that appellant never verbally threatened her.

To convict a defendant of aggravated assault, the State must prove the elements of TEX.PENAL CODE ANN. §§ 22.01 and 22.02 (Vernon 1974). Section 22.01 (Assault), in pertinent part provides:

(a) A person commits an offense if he:

(2) intentionally or knowingly threatens another with imminent bodily injury

...

Section 22.02 (Aggravated Assault), in pertinent part provides:

(a) A person commits an offense if he commits assault as defined in Section 22.01 of this code and he:

(4) uses a deadly weapon.

In appellant's sole ground of error, he contends there is insufficient evidence to sustain his conviction because there is no evidence that he "used" a deadly weapon as alleged in the indictment. The question is whether appellant has "used" a deadly weapon, when during an assault he holds a shotgun plainly visible in his hand but makes no physical motion to employ it and does not verbally threaten to shoot the victim. We hold that he has.

■ When a defendant points an automatic pistol at another person, pulls the trigger, but the gun fails to discharge, aggravated assault is committed. *Wright v. State*, 582 S.W.2d 845 (Tex.Crim.App. 1979). The weapon need not be functioning during the assault. What is necessary is that the defendant be using a deadly weapon to "intentionally or knowingly threaten another with imminent bodily injury."

In *Riddick v. State*, 624 S.W.2d 709 (Tex. App.—Houston [14th Dist.] 1981, no pet.), the defendant was accused of aggravated robbery under an indictment charging use and exhibition of a deadly weapon. The complainant testified that during the robbery, the defendant pointed at her the end of a gun sticking out of an unzipped black bag. Though the gun never left the bag, the defendant did threaten to shoot complainant if she failed to give him her money. Complainant positively identified the object as a pistol. The Court of Appeals held that:

Where the witness has positively identified the weapon as a pistol, we do not believe ... that it is required that she have seen the trigger, handle or cylinder or other indicia of a gun to support the conviction of the *use* of a deadly weapon. *Riddick*, 624 S.W.2d at 711.

The court held that the mere sight of the barrel combined with the pointing and verbal threat constituted *use* of a firearm.

■ Appellant here argues that since he did not physically move the gun, point it or threaten to shoot defendant, he did not "use" the gun as the statute requires. We do not believe the word "use" can be so narrowly construed. It was the presence of the gun in appellant's hand that instilled fear in complainant and made her feel threatened with bodily injury. When appellant had one hand over complainant's mouth, the other was holding the shotgun in very close proximity to complainant's body. To say appellant did not "use" the gun would be to totally negate it as a factor in the incident. That simply is not the case.

■ Appellant cites *Martinez v. State*, 641 S.W.2d 526 (Tex.Crim.App.1982) for the proposition that there is a difference between "use" and "exhibition" of a deadly weapon and argues that while appellant may have "exhibited" a weapon, he did not "use" one. While this distinction may be valid in aggravated robbery, TEX.PENAL CODE ANN. § 29.03(a)(2) (Vernon 1974) and aggravated rape, TEX.PENAL CODE ANN. § 21.03(a)(4) (Vernon Supp.1982–1983), TEX.PENAL CODE ANN. § 22.-02(a)(4) (Vernon 1974) states simply that an assault becomes aggravated when an actor "*uses* a deadly weapon." When drafting the aggravated assault statute, the legislature did not adopt the use/exhibit dichotomy of the other two statutes, thus, that distinction here is inapplicable.

Appellant also cites us to four older cases, *Clark v. State*, 99 Tex.Cr.R. 73, 268 S.W. 731 (1925); *Hall v. State*, 89 Tex. Cr.R. 254, 230 S.W. 690 (1921); *Flournoy v. State*, 25 Tex.App. 244, 7 S.W. 865 (1888) and *Hill v. State*, 34 Tex. 623 (1870) to support his contention that what transpired was not an aggravated assault. These cases do not advance defendant's argument. *Hill* was an assault case decided on a defective indictment and an erroneous charge. At the time of *Flournoy, Hall,* and *Clark,* the applicable law for what constituted an assault or aggravated assault was different from the law applicable today. When *Flournoy* was decided, aggravated assault required an attempt of violence or an intent to inflict violence upon the victim. At the time of *Hall,* a weapon used only with intent to alarm was not a deadly weapon. At the time of *Clark,* assault was defined as:

> Any attempt to commit a battery or any threatening gesture showing, in itself or by word accompanying it an immediate intention coupled with an ability to commit a battery. TEX.PENAL CODE ANN. art. 1008 (1911).

"Coupled with ability to commit" was defined as follows:

> The use of any dangerous weapon, or the semblance thereof, in an angry or threatening manner, with intent to alarm another, and under circumstances calculated to effect that object, comes within the meaning of an assault. TEX.PENAL CODE ANN. art. 1013(3) (1911).

Furthermore, *Clark,* on which appellant principally relies, is distinguishable from this case on its facts. In *Clark,* defendant's livestock had been impounded by a neighbor. Defendant went to the neighbor's to inquire about the stock, carrying his gun with the muzzle toward the ground and the stock of the gun near his shoulder. The neighbor refused to return the livestock and asked defendant to leave. Defendant did so peacefully, and on his way out, while facing away from his neighbor, and in response to the neighbor's threat to turn the livestock over to some officers, allegedly shouted that if the livestock was turned over, he would "turn the neighbor over to the undertaker." *Clark,* 268 S.W. at 732. The Court of Criminal Appeals held that no assault occurred because the gun never changed position, appellant did not threaten to use it, and under the circumstances, defendant's alleged shouting, if a threat at all, was a conditional one. The court believed there was no interpretation of the facts under which the neighbor could have felt threatened.

 Here, appellant appeared, unauthorized, late at night, in the back freezer of a restaurant holding a shotgun. He put one hand over defendant's mouth while holding the shotgun in the other. At that time the shotgun was in very close proximity to complainant's body. Complainant testified she felt threatened with imminent bodily injury. We conclude that under the circumstances, her fears were reasonable and justified.

The conviction is affirmed.