GERSTEN, Judge,
concurring in part and dissenting in part.
I concur in part, and dissent in part.
I concur in the majority’s opinion, except for that portion which affirms the conviction for aggravated battery. Because I believe that appellant did not “use a deadly weapon” within the meaning of section 784.045, Florida Statutes (1989), I would reverse the conviction for aggravated battery.
Appellant entered a clothing store which was occupied by two employees, and one female customer with her two small children. Appellant pulled out a gun and took jewelry and money from the three adults and the cash register. Appellant then ordered the two employees into the bathroom, and the customer into an office. Appellant entered the office and fondled the customer while pointing the gun at her.
At trial, appellant was convicted of three counts of robbery with a firearm, three counts of false imprisonment, one count of aggravated battery, and one count of display of a firearm during the commission of a felony.
On appeal, appellant asserts that the evidence was legally insufficient to convict on aggravated battery. I agree.
Section 784.045, Florida Statutes (1989), states:
(l)(a) A person commits aggravated battery who, in committing battery:
1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
2. Uses a deadly weapon.
The testimony at trial clearly demonstrated that appellant did not, “intentionally or knowingly cause great bodily harm, permanent disability, or permanent disfigurement”. Thus, appellant’s conviction for aggravated battery necessarily rested on the second prong of Florida Statutes 784.-045(l)(a), to wit: using a deadly weapon.
The majority’s position that appellant’s act of pointing the gun at the victim, while he fondled her, constitutes “use of a deadly weapon” (in the context of the aggravated battery statute), is unsupported by law or logic.
First, the majority’s cases are inapposite. For example, the majority quotes the following language from Gaston v. State, 672 S.W.2d 819 (Tex.App.1983):
Appellant here argues that since he did not physically move the gun, point it or threaten to shoot the victim, he did not “use” the gun as the statute requires. We do not believe that the word “use” can be so narrowly construed. It was the presence of the gun in appellant’s hand that instilled fear in complainant and made her feel threatened with bodily injury. When appellant had one hand over complainant’s mouth, the other was holding the shotgun in very close proximity to complainant’s body. To say that appellant did not “use” the gun would be to totally negate it as a factor in the incident. That simply is not the case.
Gaston v. State, 672 S.W.2d at 821. In Gaston, the appellant was appealing a conviction for aggravated assault. Here, appellant appeals his conviction for aggravated battery.
Assault, by definition, involves instilling fear. Aggravated assault, therefore, involves the use of a deadly weapon to instill fear. Battery, by definition, involves an unlawful touching. The use of a weapon in an aggravated battery, therefore, logically involves that weapon’s contact with the body. We should not apply the Gaston court’s construction of the term “use of a deadly weapon” an aggravated assault case, to a completely different offense— aggravated battery.
Second, logic and legislative language show that “using” a deadly weapon is not the same thing as “displaying” or even “threatening to use” a deadly weapon. Thus, if appellant would have discharged the gun, or used it to strike someone, then he could have committed an aggravated battery.
I do believe that these facts support conviction for aggravated assault. Sections 784.011 and 784.021, Florida Statutes (1989) state:
784.011 Assault.—
*321 (1) An “assault” is an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.
******
784.021 Aggravated Assault (1) An “aggravated assault” is an assault:
(a) With a deadly weapon without intent to kill; or
(b) With an intent to commit a felony.
Furthermore, the legislature did not intend the term “uses a deadly weapon” to encompass “displays” or “threatens to use” a deadly weapon. In other instances where the legislature has intended to include the concepts of “displaying” or “threatening to use” a weapon, it has inserted those exact phrases. See § 775.-087(l)(a), Fla.Stat. (1989). It follows, that if the legislature would have intended the aggravated battery statute to include “displays” or “threatens to use” a deadly weapon, they would have inserted these terms.
Appellant posed a graphic and cogent hypothetical: Suppose that a parent, irate over a disputed call at a little league baseball game, grabbed a deadly weapon, a bat, in his right hand and ran up to the umpire. And, suppose that the disgruntled parent threatened to bash the umpire’s head with the bat he held in his right hand. Suppose further that the parent touched the umpire with his left hand, and then walked away.
Under these facts, the parent committed two crimes: 1) an aggravated assault with the bat he held in his right hand;[2] and 2) a simple battery for the unlawful touching with the left hand.[3] The parent, however, did not commit an aggravated battery. Yet under the majority holding — the parent necessarily committed an aggravated battery.
I cannot succumb to the majority’s logic and escalate an aggravated assault to the level of an aggravated battery. Accordingly, I would reverse the conviction for aggravated battery.

. See §§ 784.011, 787.021, Fla.Stat. (1989).

. See § 784.03, Fla.Stat. (1989).