COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




MISAEL GUZMAN,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.


§


 


§


 


§


 


§


 


§


 


 § 


No. 08-02-00290-CR



Appeal from the


204th District Court


of Dallas County, Texas 


(TC# F-0151274-TQ)



O P I N I O N


 Appellant, Misael Guzman, seeks to overturn his conviction for aggravated assault
of a public servant. The jury set his punishment at seven years' confinement in the Texas
Department of Criminal Justice, Institution Division. Appellant urges legal and factual
sufficiency arguments. We affirm.

I

 According to appellant, he went home Friday and had some beer. Later, he put a
pistol under the front seat of the car, and took his wife to a car dealership where she
jumped out of the car and ran away. So he went home to take a nap. Appellant was
awakened, startled, grabbed his pistol and went to the door. At the door he saw police,
immediately lifted his hands, and was shot. He says he was shot at least ten times. He
also states two bullets hit his left eye, destroying its use.

 According to appellant's wife, the couple had a struggle, he fired a pistol near her
head, and said he was going to kill her. She said appellant was intoxicated. Appellant
forced her into the car at gunpoint but she later jumped out and tried to get help. Police
arrived, surrounded the house, and after an hour of telling appellant to come out, entered
the house. Sergeant Carpenter was looking at the back door when he saw appellant come
out to the patio. "The door opened. He came out, shutting the door. At the same time he
brought up and leveled the handgun at me." Although apparently appellant fired no shots,
some thirty rounds were expended. Five hit appellant.

II

 In reviewing legal sufficiency, the courts look at all of the evidence in the light
most favorable to the prosecution to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Vasquez v.
State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002) (citing Jackson). Legally sufficient
evidence supporting a conviction exists if the court, after reviewing the evidence in the
light most favorable to the prosecution, determines that a rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

 In determining the factual sufficiency of the elements of an offense, the reviewing

court "'views all the evidence . . . in a neutral light, and sets aside the verdict only if it is

so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust.'" Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000) (citing Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996)). The court reviews the evidence weighed
by the jury that tends to prove the existence of the elemental fact in dispute and compares
it with the evidence that tends to disprove that fact. Id. We are authorized to disagree
with the fact finder's determination. Id. (citing Clewis, 922 S.W.2d at 133). This review,
however, must employ appropriate deference to prevent an appellate court from
substituting its judgment for that of the fact finder, and any evaluation should not
substantially intrude upon the fact finder's role as the sole judge of the weight and
credibility given to witness testimony. Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim.
App. 1996). The complete and correct standard a reviewing court must follow to conduct
a Clewis factual sufficiency review of the elements of a criminal offense, asks whether a
neutral review of all the evidence, both for and against the finding, demonstrates that the
proof of guilt is so obviously weak as to undermine confidence in the jury's
determination, or the proof of guilt, although adequate if taken alone, is greatly
outweighed by contrary proof. Johnson, 23 S.W.3d at 11.


III

 In his first issue, appellant specifically challenges the proof that he used or
possessed a firearm. See Tex. Penal Code Ann. § 22.02 (Vernon 2003). Although
appellant makes many references to the record where the pistol was not in his possession,
he neglects to mention the eyewitness testimony of Sergeant Carpenter. Carpenter
unequivocally testified appellant brought the weapon up and "leveled the handgun at me." 
Appellant's own testimony that he grabbed his pistol and went to the door corroborates
the police testimony. As the State correctly argues, a person uses a deadly weapon when
he points it at someone during an offense. Gaston v. State, 672 S.W.2d 819, 821 (Tex.
App.--Dallas 1983, no pet.). Ample direct and circumstantial evidence supports the
finding. Vasquez, 67 S.W.3d at 236; Johnson, 23 S.W.3d at 11. Appellant's first issue is
overruled.

 In his second issue, appellant challenges the legal sufficiency of the finding of
aggravated assault of a public servant. Again he reiterates the same argument to the same
element, that there was no direct or circumstantial evidence appellant possessed the
firearm, or that it was fired. Appellant argues no evidence puts him in actual possession
of the firearm. An assault is defined as intentionally or knowingly threatening another
with imminent bodily injury while that person was a public servant. Tex. Penal Code
Ann. § 22.01(b)(1) (Vernon 2003). Once again, appellant misreads the record. 
Testimony of both Carpenter and appellant show actual possession of the pistol. The
State need not prove the weapon was fired; pointing a firearm is sufficient to prove use of
the deadly weapon. Gaston, 672 S.W.2d at 821. Appellant's second issue is overruled.

 In his final complaint, appellant assails the factual sufficiency for aggravated
assault of a public servant. Once again, he complains of the lack of any direct evidence
appellant fired the weapon. And the "only" circumstantial evidence was insufficient to
affirmatively link appellant to the firearm. He argues no fingerprints were found. This is
true. And he argues that appellant exhibited no consciousness of guilt and gave no
contradictory statements regarding the firearm. While there is considerable circumstantial
evidence surrounding the firearm, some perhaps insufficient in isolation, there is also
direct testimony both from Carpenter and appellant outlined above. And appellant's own
testimony included his use of the weapon. Other exculpatory aspects of his testimony
were directly contradicted by his wife, as noted above. In view of the positive direct
testimony, we cannot reasonably conclude that the proof of guilt is obviously weak as to
undermine confidence in the jury's determination. Johnson, 23 S.W.3d at 11. 
Appellant's third issue is overruled. The judgment of the trial court is affirmed.


 DON WITTIG, Senior Justice

May 29, 2003


Before Panel No. 5

Larsen, McClure, and Wittig, JJ.

(Wittig, J., sitting by assignment)


(Do Not Publish)