ALVARADO V. STATE

NO. 07-03-0353-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 8, 2004

______________________________

EDUARDO ALVARADO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 217
TH
 DISTRICT COURT OF ANGELINA COUNTY;

NO. 23,230; HONORABLE DAVID V. WILSON, JUDGE

_______________________________

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

After waiving a jury trial and following his plea of not guilty, Eduardo Alvarado, appellant, was found guilty by the trial court of aggravated assault with a deadly weapon.  Upon  appellant’s true plea to the enhancement paragraph of the indictment, the trial court found the allegation to be true and assessed a sentence of five years confinement.  In one point of error, appellant challenges the legal sufficiency of the evidence to support the conviction.  We will affirm.

The victim, Steven Tolley, and appellant owned separate tree services which “remove[d] dead trees or limbs, whatever a customer need[ed], through the yard.” On November 1, 2001, Tolley’s and appellant’s firms were working together to clear some trees at a home in Lufkin.  At some point, Tolley and appellant became engaged in a verbal dispute, the end result being that Tolley requested appellant to leave.  Appellant walked to the end of the driveway and retrieved a chain saw.  He then walked toward a tree close to the house and began cutting it.  According to Tolley, “at the angle [appellant] was cutting into the tree, it looked like it was going to go right on top of the customer’s house.”  When Tolley approached appellant to prevent him from cutting the tree any further, appellant pulled the chain saw out of the tree and “swung it to the left,” apparently just missing the mid-section of Tolley’s body.

By his sole point of error, appellant challenges the legal sufficiency of the evidence to support his conviction.  Specifically, he maintains the State presented no evidence to establish he intentionally or knowingly threatened Tolley with imminent bodily injury.
(footnote: 1)  We disagree.  In evaluating the legal sufficiency of the evidence, we must view the evidence in the light most favorable to the verdict, and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  
See
 Wesbrook v. State, 29 S.W.3d 103, 111 (Tex.Cr.App. 2000), 
cert. denied
, 532 U.S. 944, 121 S.Ct. 1407, 149 L.Ed.2d 349 (2001).  In doing so, although our analysis considers all the evidence presented at trial, we may not re-weigh the evidence and substitute our judgment for that of the fact finder.  King v. State, 29 S.W.3d 556, 562 (Tex.Cr.App. 2000). 

To support appellant’s conviction for aggravated assault, the State was required to prove he intentionally or knowingly threatened Tolley with imminent bodily injury and used or exhibited a deadly weapon during the assault.  
See
 Tex. Pen. Code Ann. §§ 22.01(a)(2) & 22.02(a)(2) (Vernon Supp. 2004).  While the gravamen of the offense is that the accused acts with the intent to cause a reasonable apprehension of imminent bodily injury, it is not necessary to show he actually intended to cause harm.  Garrett v. State, 619 S.W.2d 172, 174 (Tex.Cr.App. 1981). The mere presence of a deadly weapon, under proper circumstances, can be enough to instill fear and threaten a person with bodily injury.  Gaston v. State, 672 S.W.2d 819, 821 (Tex.App.–Dallas 1983, no pet.).  The accused’s intent may be inferred from his words, acts, and conduct at the time of the offense.  Hernandez v. State, 819 S.W.2d 806, 810 (Tex.Cr.App. 1991), 
cert. denied
, 504 U.S. 974, 112 S.Ct. 2944, 119 L.Ed.2d 568 (1992).  

Here, Tolley testified he felt threatened by the chain saw and feared the saw could have caused death or serious bodily injury.  In fact, he opined, “[i]f it [the chain saw] would have got me, my guts would have probably been on the ground or cut in half or some sort . . .”  He claimed the chain saw “left an oil line” on his shirt, registering the saw’s close proximity to his mid-section.  Further, Tolley testified he “felt the wind off of the chain as it was running . . . [i]t was that close.”
(footnote: 2)
 Jerry Mosby, who was on location to haul off trees, explained he witnessed appellant “point” the running chain saw at Tolley.  While Mosby conceded he did not believe appellant actually intended to cut Tolley, he did think appellant brandished the saw in an “act of scare.”  He further remarked, “[i]f you throw a saw on somebody, . . . you can cut somebody real easy with it.”  Another witness, Tony Boykin, described the precipitating dispute between Tolley and appellant and claimed the two men became involved in a physical altercation when appellant pushed Tolley.  Then, according to Boykin, appellant retrieved the chain saw, walked to a tree by the house, and began to cut it at such an angle that it appeared he was “trying to lay the tree over on the house.”  Boykin also told the trial court he observed the oil mark left by the chain saw on Tolley’s shirt.  Finally, Boykin suggested that, “in the heat of the moment,” appellant was trying to hit Tolley with the saw. 

From the foregoing evidence, we conclude a rational trier of fact could have found the essential elements of the offense of aggravated assault, including intent, beyond a reasonable doubt.  Immediately prior to the assault, Tolley and appellant were engaged in a heated discussion which became physical.  Once the dispute was concluded, appellant revealed his continued indignation by attempting to fall a tree atop a customer’s house.  Then, when Tolley approached him to prevent any damage to the house, appellant swung a running chain saw at him.  It was the presence of the chain saw, and its very close proximity to Tolley’s body, that instilled fear in Tolley and made him feel threatened with bodily injury.  
Gaston
, 672 S.W.2d at 821.  Thus, appellant’s acts, coupled with the surrounding circumstances, lead us to conclude that a rational trier of fact could have concluded that appellant’s intent was to threaten Tolley with imminent bodily injury by use of a deadly weapon.  
See Hernandez, 
819 S.W.2d at 810.   

Appellant claims the inconsistencies in the State’s witnesses’ testimony cast doubt on the State’s proof of his intent to threaten to cause bodily injury.
(footnote: 3)  To the extent the testimony is inconsistent, however, the trial court, as fact finder in this case, had the ultimate authority to determine the credibility of the witnesses and the weight to be given their testimony.  
See
 Jones v. State, 944 S.W.2d 642, 647-48 (Tex.Cr.App. 1996), 
cert. denied
, 522 U.S. 832, 118 S.Ct. 100, 139 L.Ed.2d 54 (1997).  We resolve any inconsistencies in the evidence in favor of the verdict.  Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).  Therefore, the inconsistencies cited by appellant do not render the evidence legally insufficient.  Appellant’s sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

    Justice

Do not publish.

FOOTNOTES
1:
Appellant couches his point of error and argument in terms of “no evidence” or legal insufficiency; however, he concludes his argument by citing the factual sufficiency standard of review.  
See
 Johnson v. State, 23 S.W.2d 1, 11 (Tex.Cr.App. 2000).  Because the concluding paragraph contains the only reference to factual insufficiency in appellant’s brief, and because appellant prays for a reversal of the judgment and entry of acquittal--the remedy for an appellate court’s finding of legal insufficiency--we address only the no evidence point.

2:
Contrary to appellant’s assertion, it is not significant that neither the shirt nor the chain saw were admitted into evidence at trial.  Appellant admitted he had a chain saw at the crime scene.  Furthermore, a number of witnesses provided vivid descriptions of the chain saw’s cutting mechanism.  Admission of the chain saw itself would merely have been cumulative of that testimony.  And while the admission of the shirt at trial would have definitively answered the question of whether or not the chain saw cast an oil mark on it, the shirt’s absence was merely a factor for the trial court to consider in assessing the strength of the State’s case.   

3:
In his brief, appellant noted several inconsistencies.  First, Boykin claimed Tolley was wearing a white shirt, while Tolley testified he was wearing a gray one with his and his company’s name on it.  Additionally, Boykin told the trial court Tolley and appellant were “wrestling for the saw” and Tolley “snatched the saw away from him.”  On the other hand, Tolley averred the other men who were working on the job site split appellant and him apart and got the chain saw away from appellant.  Appellant also notes there was disagreement between the witnesses as to whether or not the saw was actually running when he turned it on Tolley.