ALVARADO V. STATE



NO. 07-03-0353-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 8, 2004



______________________________




EDUARDO ALVARADO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 217TH DISTRICT COURT OF ANGELINA COUNTY;



NO. 23,230; HONORABLE DAVID V. WILSON, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 After waiving a jury trial and following his plea of not guilty, Eduardo Alvarado,
appellant, was found guilty by the trial court of aggravated assault with a deadly weapon. 
Upon appellant's true plea to the enhancement paragraph of the indictment, the trial court
found the allegation to be true and assessed a sentence of five years confinement. In one
point of error, appellant challenges the legal sufficiency of the evidence to support the
conviction. We will affirm.

 The victim, Steven Tolley, and appellant owned separate tree services which
"remove[d] dead trees or limbs, whatever a customer need[ed], through the yard." On
November 1, 2001, Tolley's and appellant's firms were working together to clear some
trees at a home in Lufkin. At some point, Tolley and appellant became engaged in a verbal
dispute, the end result being that Tolley requested appellant to leave. Appellant walked
to the end of the driveway and retrieved a chain saw. He then walked toward a tree close
to the house and began cutting it. According to Tolley, "at the angle [appellant] was cutting
into the tree, it looked like it was going to go right on top of the customer's house." When
Tolley approached appellant to prevent him from cutting the tree any further, appellant
pulled the chain saw out of the tree and "swung it to the left," apparently just missing the
mid-section of Tolley's body.

 By his sole point of error, appellant challenges the legal sufficiency of the evidence
to support his conviction. Specifically, he maintains the State presented no evidence to
establish he intentionally or knowingly threatened Tolley with imminent bodily injury. (1) We
disagree. In evaluating the legal sufficiency of the evidence, we must view the evidence
in the light most favorable to the verdict, and determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. See
Wesbrook v. State, 29 S.W.3d 103, 111 (Tex.Cr.App. 2000), cert. denied, 532 U.S. 944,
121 S.Ct. 1407, 149 L.Ed.2d 349 (2001). In doing so, although our analysis considers all
the evidence presented at trial, we may not re-weigh the evidence and substitute our
judgment for that of the fact finder. King v. State, 29 S.W.3d 556, 562 (Tex.Cr.App. 2000). 

 To support appellant's conviction for aggravated assault, the State was required to
prove he intentionally or knowingly threatened Tolley with imminent bodily injury and used
or exhibited a deadly weapon during the assault. See Tex. Pen. Code Ann. §§ 22.01(a)(2)
& 22.02(a)(2) (Vernon Supp. 2004). While the gravamen of the offense is that the accused
acts with the intent to cause a reasonable apprehension of imminent bodily injury, it is not
necessary to show he actually intended to cause harm. Garrett v. State, 619 S.W.2d 172,
174 (Tex.Cr.App. 1981). The mere presence of a deadly weapon, under proper
circumstances, can be enough to instill fear and threaten a person with bodily injury. 
Gaston v. State, 672 S.W.2d 819, 821 (Tex.App.-Dallas 1983, no pet.). The accused's
intent may be inferred from his words, acts, and conduct at the time of the offense. 
Hernandez v. State, 819 S.W.2d 806, 810 (Tex.Cr.App. 1991), cert. denied, 504 U.S. 974,
112 S.Ct. 2944, 119 L.Ed.2d 568 (1992). 

 Here, Tolley testified he felt threatened by the chain saw and feared the saw could
have caused death or serious bodily injury. In fact, he opined, "[i]f it [the chain saw] would
have got me, my guts would have probably been on the ground or cut in half or some sort
. . ." He claimed the chain saw "left an oil line" on his shirt, registering the saw's close
proximity to his mid-section. Further, Tolley testified he "felt the wind off of the chain as
it was running . . . [i]t was that close." (2)

 Jerry Mosby, who was on location to haul off trees, explained he witnessed
appellant "point" the running chain saw at Tolley. While Mosby conceded he did not
believe appellant actually intended to cut Tolley, he did think appellant brandished the saw
in an "act of scare." He further remarked, "[i]f you throw a saw on somebody, . . . you can
cut somebody real easy with it." Another witness, Tony Boykin, described the precipitating
dispute between Tolley and appellant and claimed the two men became involved in a
physical altercation when appellant pushed Tolley. Then, according to Boykin, appellant
retrieved the chain saw, walked to a tree by the house, and began to cut it at such an angle
that it appeared he was "trying to lay the tree over on the house." Boykin also told the trial
court he observed the oil mark left by the chain saw on Tolley's shirt. Finally, Boykin
suggested that, "in the heat of the moment," appellant was trying to hit Tolley with the saw. 

 From the foregoing evidence, we conclude a rational trier of fact could have found
the essential elements of the offense of aggravated assault, including intent, beyond a
reasonable doubt. Immediately prior to the assault, Tolley and appellant were engaged
in a heated discussion which became physical. Once the dispute was concluded, appellant
revealed his continued indignation by attempting to fall a tree atop a customer's house. 
Then, when Tolley approached him to prevent any damage to the house, appellant swung
a running chain saw at him. It was the presence of the chain saw, and its very close
proximity to Tolley's body, that instilled fear in Tolley and made him feel threatened with
bodily injury. Gaston, 672 S.W.2d at 821. Thus, appellant's acts, coupled with the
surrounding circumstances, lead us to conclude that a rational trier of fact could have
concluded that appellant's intent was to threaten Tolley with imminent bodily injury by use
of a deadly weapon. See Hernandez, 819 S.W.2d at 810. 

 Appellant claims the inconsistencies in the State's witnesses' testimony cast doubt
on the State's proof of his intent to threaten to cause bodily injury. (3) To the extent the
testimony is inconsistent, however, the trial court, as fact finder in this case, had the
ultimate authority to determine the credibility of the witnesses and the weight to be given
their testimony. See Jones v. State, 944 S.W.2d 642, 647-48 (Tex.Cr.App. 1996), cert.
denied, 522 U.S. 832, 118 S.Ct. 100, 139 L.Ed.2d 54 (1997). We resolve any
inconsistencies in the evidence in favor of the verdict. Moreno v. State, 755 S.W.2d 866,
867 (Tex.Cr.App. 1988). Therefore, the inconsistencies cited by appellant do not render
the evidence legally insufficient. Appellant's sole point of error is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice


Do not publish.

1. Appellant couches his point of error and argument in terms of "no evidence" or legal
insufficiency; however, he concludes his argument by citing the factual sufficiency standard
of review. See Johnson v. State, 23 S.W.2d 1, 11 (Tex.Cr.App. 2000). Because the
concluding paragraph contains the only reference to factual insufficiency in appellant's
brief, and because appellant prays for a reversal of the judgment and entry of acquittal--the
remedy for an appellate court's finding of legal insufficiency--we address only the no
evidence point.
2. Contrary to appellant's assertion, it is not significant that neither the shirt nor the
chain saw were admitted into evidence at trial. Appellant admitted he had a chain saw at
the crime scene. Furthermore, a number of witnesses provided vivid descriptions of the
chain saw's cutting mechanism. Admission of the chain saw itself would merely have been
cumulative of that testimony. And while the admission of the shirt at trial would have
definitively answered the question of whether or not the chain saw cast an oil mark on it,
the shirt's absence was merely a factor for the trial court to consider in assessing the
strength of the State's case. 
3. In his brief, appellant noted several inconsistencies. First, Boykin claimed Tolley
was wearing a white shirt, while Tolley testified he was wearing a gray one with his and his
company's name on it. Additionally, Boykin told the trial court Tolley and appellant were
"wrestling for the saw" and Tolley "snatched the saw away from him." On the other hand,
Tolley averred the other men who were working on the job site split appellant and him apart
and got the chain saw away from appellant. Appellant also notes there was disagreement
between the witnesses as to whether or not the saw was actually running when he turned
it on Tolley. 


 SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium Grid 3 Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0335-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

FEBRUARY 2, 2011

______________________________

 

 

BRANDON MICHAEL PENNINGTON, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

_________________________________

 

FROM THE 181ST DISTRICT COURT OF POTTER
COUNTY;

 

NO. 43,164-B; HONORABLE JOHN B. BOARD, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ABATEMENT AND REMAND 

            Appellant, Brandon
Michael Pennington, entered a plea of true to the State's Amended Motion to
Proceed and was adjudicated guilty of possession of methamphetamine in an
amount of 200 grams or more but less than 400.[1]  Punishment was assessed at fifty years
confinement.  The appellate record has
been filed.  A review of the Clerk's
Record revealed that it did not contain a Trial
Court's Certification of Defendant's Right of Appeal as required by Rule
25.2(a)(2) of the Texas Rules of Appellate
Procedure.  Pursuant to Rule 37.1(a) of
the Texas Rules of Appellate Procedure, by letter dated December 1, 2010, the
trial court and the trial court clerk were notified of the defect and this
Court requested that a certification be filed in a supplemental record.  On January 19, 2011, a Supplemental Clerk's
Record was filed containing a certification; however, none of the options
provided to determine if Appellant has a right of appeal were marked.  Consequently, the certification is
defective.  See Dears v. State, 154 S.W.3d 610, 614
(Tex.Crim.App. 2005).

Therefore, we abate this appeal and remand the cause to the
trial court for further proceedings. 
Upon remand, the trial court shall utilize whatever means necessary to
secure a proper Trial Court's Certification of Defendant's Right of Appeal in
compliance with Rule 25.2(d).  Once
properly completed and executed, the certification shall be included in a
supplemental clerk's record.  See
Tex. R. App. P. 34.5(a)(12).  The trial court shall cause the supplemental clerk's
record to be filed with the Clerk of this Court within 30 days of the date of
this order.  If a supplemental clerk's
record containing a proper certification is not filed in accordance with this
order, this cause will be referred to this Court for further action.  See Tex. R. App. P. 25.2(d). 

                                                                        Per
Curiam

Do not publish.

 

 











[1]Tex. Health & Safety Code Ann. § 481.115(e) (West 2010).