**AFFIRMED and Opinion Filed May 12, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00070-CR

### AMBER F. PAVATT, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 422nd Judicial District Court
Kaufman County, Texas
Trial Court Cause No. 18-11020-422F**

## MEMORANDUM OPINION
Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Schenck

Amber Pavatt appeals her conviction for aggravated assault with a deadly weapon. TEX. PENAL CODE ANN. § 22.2(b)(1). In a single issue, she asserts the evidence is insufficient to support her conviction. We affirm the trial court's judgment. Because all issues are settled in the law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### PROCEDURAL BACKGROUND

Appellant was charged by indictment with the felony offense of aggravated assault with a deadly weapon by threat. The State alleged appellant intentionally

and knowingly threatened her cousin Brianna (1) by advancing towards her while holding a knife, and/or (2) by pushing Brianna while holding a knife, and/or (3) by threatening to stab Brianna while holding a knife. A jury found appellant guilty of the charged offense and the trial court assessed punishment at five years' confinement.

## FACTUAL BACKGROUND

In November of 2017, appellant's aunt and uncle, Kathy and Michael, became the custodians of appellant's two minor children. On Christmas day 2018, appellant visited her children at Kathy and Michael's home. An argument ensued over Kathy and Michael's child rearing methods and appellant left the house with one of the children. Kathy called 9-1-1 while Michael warned appellant that if she took the child she would face kidnapping charges.

The child was retrieved and taken to a safe place while appellant went back into the house and retrieved one or two knives from the kitchen.[1] An altercation then ensued between appellant and her cousin, Brianna, as appellant attempted to leave the house.

In response to the 9-1-1 call, Deputy Wiser was dispatched to the scene. He retrieved two fixed blade knives from a trash can located near the back door of the

---

[1] Brianna indicated appellant held a single knife whereas Michael stated she held two knives.

house. The actual knives Deputy Wiser retrieved, and pictures of same, were introduced into evidence at trial. Deputy Wiser opined that each of the knives, if used by threat, were capable of causing serious bodily injury. He recalled being told that during the altercation between appellant and Brianna appellant stated "I'll stab you, bitch."

Brianna recounted that she observed appellant storm into the house, red-faced and very angry. She went to the kitchen, threw open a drawer and retrieved a knife. Appellant headed towards the back door. Brianna thought appellant was on her way to hurt her parents who were outside, Brianna thus attempted to block her from leaving the house with the knife. Appellant, while still holding the knife in her hand, shoved Brianna into a wall. Brianna thought appellant might harm her in the process of trying to go outside, so she put her in a headlock with her arm against the cabinet doors. While restrained, appellant moved her arm in a stabbing motion and said she was going to stab Brianna. Brianna believed appellant's threat to stab her. At trial, Brianna, with the assistance of an investigator, reenacted the struggle with appellant.

While the altercation ensued, Michael was outside smoking a brisket. Kathy yelled that there was a commotion inside. Michael entered the home and saw appellant and Brianna wrestling and overheard appellant say, "I'm going to stab you bitch." He saw Brianna had appellant pinned against a wall near a trash can by the back door and appellant was holding knives and making stabbing motions with the

blades facing Brianna. At trial, Michael demonstrated the struggle between appellant and Brianna and indicated the only thing that prevented appellant from stabbing Brianna was the manner in which Brianna was restraining appellant's arm. Michael grabbed appellant's arm and put enough pressure on it to make her drop the knives into the nearby trash can. He then told Brianna to release appellant and told appellant to get out of his house. Appellant left the house and sat in her car for a few minutes before getting out and kicking the back of Michael's van.

DISCUSSION

## I. Standard of Review

In her sole issue, appellant asserts the evidence is legally and factually insufficient to support her conviction. We overrule appellant's complaint concerning the factual sufficiency of the evidence because we do not review the factual sufficiency of the evidence to support a defendant's conviction. *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).

As to appellant's legal sufficiency complaint, we must consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App. 2018). We must give deference to the responsibility of the trier of fact to fairly

–4–

resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319. Our role is limited to ensuring that the jury reached a rational conclusion, not to re-evaluate the weight and credibility of the evidence. *See Muniz v. State*, 851 S.W.2d 238, 246 (Tex. Crim. App. 1993).

In conducting our review, we consider all the evidence in the record. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013). If the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict and therefore defer to that determination. *Jackson*, 443 U.S. at 326. Direct and circumstantial evidence are treated equally, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating evidence is sufficient to support the conviction. *Zuniga*, 551 S.W.3d at 733. Finally, the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

A person commits aggravated assault if the person commits assault and uses a deadly weapon during the commission of the offense. TEX. PENAL CODE ANN. § 22.02(a)(2). An assault occurs if a person intentionally or knowingly (1) causes bodily injury to another, (2) threatens another with imminent bodily injury, or (3) causes physical contact with another when the person knows or should reasonably

believe that the other will regard the contact as offensive or provocative. *Id.* § 22.01. The penal code defines "deadly weapon" as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." *Id.* § 1.07(a)(17)(B). "Serious bodily injury" is bodily injury that "creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss of impairment of the function of any bodily member or organ. *Id.* §1.08(1)(46).

## II.    Application of the Law to the Facts

Appellant contends the evidence is insufficient to establish (1) she intentionally or knowingly threatened Brianna, (2) the knife was a deadly weapon and (3) she used or displayed a deadly weapon during the commission of the alleged threat.

### A. Knowing or Intentional Act

Aggravated assault is a result-oriented conduct. *Garfias v. State*, 424 S.W.3d 54, 60 (Tex. Crim. App. 2014). A person acts intentionally, or with intent, with respect to a result of her conduct when it is her conscious objective or desire to cause the result. TEX. PENAL CODE ANN. § 6.03(a). A person acts knowingly, or with knowledge, with respect to the circumstances surrounding her conduct when she is aware that the circumstances exist. *Id.* § 6.03(b). A person acts knowingly, or with knowledge, when she is aware that her conduct is reasonably certain to cause the result. *Id.*

The jury may infer intent or knowledge from the facts which tend to prove their existence, including the defendant's acts, words, and conduct. *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002). To uphold a conviction for threat, there must be some evidence of a threat being made. *Schmidt v. State*, 232 S.W.3d 66, 68 (Tex. Crim. App. 2007). The presence of a deadly weapon may be sufficient to constitute a threat. *Gaston v. State*, 672 S.W.2d 819, 821 (Tex. App.—Dallas 1983, no pet.).

The evidence established appellant got into a fight with Brianna's parents immediately prior to arming herself with at least one knife, angrily advanced on Brianna with the knife blade pointed at her, pushed Brianna, fought with her and told her she was going to stab her while moving the knife in a stabbing motion. Appellant nevertheless argues the evidence establishes Brianna was the aggressor and that she only threatened Brianna after Brianna restrained her. While the jury might have viewed the evidence to suggest appellant was simply reacting to Brianna, it was not compelled to do so. A rational jury could determine that appellant's escalation of the dispute to include resort to a deadly weapon was neither justified nor in keeping with her position any threats she made were solely in self-defense.

**B. A Knife as a Deadly Weapon**

Where no injury is sustained by the victim, the State must introduce evidence of other factors to establish that a knife is a deadly weapon. *Victor v. State*, 874

S.W.2d 748, 751–52 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). The presence of a knife, even without an accompanying verbal threat, may be sufficient to support a finding of aggravated assault with a deadly weapon. *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000). Deputy Wiser testified that the knives as used in the manner described by Brianna and Michael were capable of causing serious bodily injury or death. In addition, Brianna and Michael testified appellant threatened to stab Brianna when appellant and Brianna were in close proximity and in fact tried to stab her and was prevented from doing so only because of the way Brianna restrained her. Michael testified he was afraid had he not intervened appellant would have stabbed Brianna. Brianna testified that if she had let go of appellant, she felt appellant might have tried to stab her because she was still very angry. Viewing the evidence in the light most favorable to the verdict, a rational jury could have concluded appellant threatened Brianna with a deadly weapon. *See Hunter v. State*, Nos. 01-00-00722-CR, 01-00-00726-CR, 2001 WL 754458, at * (Tex. App.—Houston [1st Dist.] July 5, 2001, no pet.) (not designated for publication) (State could prove knife was a deadly weapon by its blade's sharpness or size, the use of brandishing motions, threats made by appellant, complainant's fear of serious bodily injury or death, or physical proximity of appellant to complainant); *see also Victor*, 874 S.W.2d at 751 (same).

### C. Use or Display of a Deadly Weapon

Generally, in relation to a deadly weapon, the term "use" means to utilize, employ or apply the deadly weapon to achieve its purpose. *Patterson v. State*, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989). The use of a deadly weapon extends to any employment of a deadly weapon, even its simple possession, if such possession facilitates the associated offense. *Id.* In this case, not only did appellant threaten to stab Brianna, she also tried to stab Brianna while she was restrained. Viewing this evidence in the light most favorable to the verdict, a rational jury could have found sufficient evidence that appellant used or exhibited a knife.

We overrule appellant's sole issue.

### CONCLUSION

We conclude the evidence is legally sufficient to support appellant's conviction. We therefore affirm the trial court's judgment.

/David J. Schenck/

DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47

200070F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

**JUDGMENT**

AMBER F. PAVATT, Appellant

No. 05-20-00070-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas
Trial Court Cause No. 18-11020-422F.
Opinion delivered by Justice Schenck. Justices Reichek and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 12th day of May, 2021.